FRANK HEEG, Appellant, v. PHILIP LICHT, Respondent.

The keeping of gunpowder or other explosive materials in a place or under circumstances where it will be liable, in case of explosion, to injure the dwelling-houses or the persons of those residing in close proximity, may constitute a private nuisance, for which the person so keeping them is liable to respond in damages, in case of injury resulting therefrom; and that, without regard entirely to the question whether he was chargeable with carelessness or negligence.

The keeping of such materials does not, however, necessarily constitute a nuisance *per se;* that depends upon the locality, the quantity and the surrounding circumstances.

Defendant constructed a powder magazine upon his premises, with the usual safeguards, in which he kept stored a quantity of powder; this, without any apparent cause, exploded, injuring plaintiff's house upon adjoining premises. On the trial of an action to recover damages, the court charged the jury that they must find for the defendant unless they found that he carelessly or negligently kept the gunpowder upon the premises. *Held,* error; that the fact that the explosion took place under the circumstances, tended to establish that the magazine was liable to explode and cause damage to the property of persons residing in the vicinity, although guarded against with the greatest degree of care and vigilence, and so evinced its dangerous character; that this itself in some localities would render it a private nuisance; and that the question should have been left to the jury to determine whether from the dangerous character of the magazine, its proximity to other buildings, etc., it was in fact such a nuisance.

*People* v. *Sands* (1 J. R., 78), distinguished.
*Heeg* v. *Licht* (16 Hun, 257), reversed.

(Argued March 10, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant, entered upon a verdict. (Reported below, 16 Hun, 257.)

This action was brought to recover damages for injuries to plaintiff's buildings, alleged to have been caused by the explosion of a powder magazine on the premises of defendant; also to restrain the defendant from manufacturing and storing upon his premises fire-works or other explosive substances.

The facts are sufficiently stated in the opinion.

*Philip S. Crooke,* for appellant. The keeping of gun-powder by respondent in the vicinity of appellant's dwelling-house was a private nuisance. (3 Black. Com., 215, 220; 2 Greenl. Ev., § 466; Wood's Law of Nuis., §§ 1, 142; 4 Wait's Action and Defenses, 726.) The judge erred in refus-ing to charge that the powder magazine was dangerous in itself to plaintiff and his property, and was a private nuisance, and that defendant was liable to the plaintiff, whether it was carelessly kept or not. (*Wier's Appeal,* 74 Penn. St., 230; *Aldred's Case,* 9 Coke, 58; *Hay* v. *Cohoes Co.,* 2 N. Y., 159; *Tremain* v. *Cohoes Co.,* 2 id., 163; *Pixley* v. *Clark.* 35 id., 523: 19 Ves.. 617, 623.)

*Benjamin F. Downing,* for respondent. The complaint does not state facts sufficient to constitute the defendant's business, either a public or private nuisance. (*People* v. *Sands,* 1 J. R., 78.) The only ground upon which the plaintiff could recover was that there was carelessness and negligence on the part of the defendant. (*Fillo* v. *Jones,* 2 Abb. Ct. App. Dec., 121.)

MILLER, J. This action is sought to be maintained upon the ground that the manufacturing and storing of fire-works, and the use and keeping of materials of a dangerous and explosive character for that purpose, constituted a pri-vate nuisance, for which the defendant was liable to respond in damages, without regard to the question whether he was chargeable with carelessness or negligence. The defendant had constructed a powder magazine upon his premises, with the usual safeguards, in which he kept stored a quantity of powder, which, without any apparent cause, exploded and caused the injury complained of. The judge upon the trial charged the jury that they must find for the defendant, unless they found that the defendant carelessly and negli-gently kept the gunpowder upon his premises. The judge refused to charge: That the powder magazine was danger-ous in itself to plaintiff and his property, and was a private

nuisance, and the defendant was liable to the plaintiff whether it was carelessly kept or not ; and the plaintiff duly excepted to the charge and the refusal to charge.

We think that the charge made was erroneous and not warranted by the facts presented upon the trial. The defendant had erected a building and stored materials therein, which from their character were liable to and actually did explode, causing injury to the plaintiff. The fact that the explosion took place tends to establish that the magazine was dangerous and liable to cause damage to the property of persons residing in the vicinity. The locality of works of this description must depend upon the neighborhood in which they are situated. In a city, with buildings immediately contiguous and persons constantly passing, there could be no question that such an erection would be unlawful and unauthorized. An explosion under such circumstances, independent of any municipal regulations, would render the owner amenable for all damages arising therefrom. That the defendant's establishment was outside of the territorial limits of a city, does not relieve the owner from responsibility or alter the case, if the dangerous erection was in close contiguity with dwelling-houses or buildings, which might be injured or destroyed in case of an explosion. The fact that the magazine was liable to such a contingency, which could not be guarded against or averted by the greatest degree of care and vigilance, evinces its dangerous character, and might in some localities render it a private nuisance. In such a case, the rule which exonerates a party engaged in a lawful business, when free from negligence, has no application. The keeping or manufacturing of gunpowder or of fire-works does not necessarily constitute a nuisance *per se.* That depends upon the locality, the quantity, and the surrounding circumstances, and not entirely upon the degree of care used. In the case at bar, it should have been left for the jury to determine whether from the dangerous character of the defendant's business, the proximity to other buildings, and all the facts proved upon the trial, the defendant was

chargeable with maintaining a private nuisance and answerable for the damages arising from the explosion.

A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another : (3 Bl. Com., 216.) Any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, to the injury of another, comes within the definition stated, and render's the owner or possessor·liable for all damages arising from such use : (Wood's Law of Nuis., § 1, and authorities cited.) The cases which are regarded as private nuisances are numerous, and the books are full of decisions holding the parties answerable for the injuries which result from their being maintained. The rule is of universal application that while a man may prosecute such business as he chooses on his own premises, he has no right to erect and maintain a nuisance to the injury of an adjoining proprietor or of his neighbors, even in the pursuit of a lawful trade : (*Aldred's Case*, 9 Coke, 58; *Brady* v. *Weeks*, 3 Barb., 159; *Dubois* v. *Budlong*, 15 Abb., 445; *Wier's Appeal*, 74 Penn. St., 230.)

While a class of the reported cases relate to the prosecution of a legitimate business, which of itself produces inconvenience and injury to others, another class refers to acts done on the premises of the owner, which are of themselves dangerous to the property and the persons of others who may reside in the vicinity, or who may by chance be passing along or in the neighborhood of the same. Of the former class are cases of slaughter-houses, fat and offal boiling establishments, hog-styes, or tallow manufactories, in or near a city, which are offensive to the senses and render the enjoyment of· life :and property uncomfortable : (*Catlin* v. *Valentine*, 9 Paige, 575; *Brady* v. *Weeks*, 3 Barb., 157; *Dubois* v. *Budlong*, 15 Abb., 445; *Rex* v. *White*, 1 Burr., 337; 2 Bl. Com., 215; *Farrand* v. *Marshall*, 21 Barb., 421.) It is not necessary in these cases that the noxious trade or business should endanger the health of the neighborhood. So also the use of premises in a manner which causes a noise so continuous

and excessive as to produce serious annoyance, or vapors or noxious smells : (*Tipping* v. *St. Helen's Smelting Co.*, 4 B. & S. [Q. B.], 608; *Brill* v. *Flagler*, 23 Wend., 354; *Pickard* v. *Collins*, 23 Barb., 444; Wood's Law of Nuis., § 5) ; or the burning of a brick kiln, from which gases escape which injure the trees of persons in the neighborhood : (*Campbell* v. *Seaman*, 63 N. Y., 568.) Of the latter class also are those where the owner blasts rocks with gunpowder, and the fragments are liable to be thrown on the premises and injure the adjoining dwelling-houses, or the owner or persons there being, or where persons traveling may be injured by such use : (*Hay* v. *Cohoes Co.*, 3 Barb., 42; S. C., 2 N. Y., 159; *Tremain* v. *Cohoes Co.*, id., 163; *Pixley* v. *Clark*, 35 id., 523.)

Most of the cases cited rest upon the maxim "*sic utere tuo*," etc., and where the right to the undisturbed possession and enjoyment of property comes in conflict with the rights of others, that it is better, as a matter of public policy, that a single individual should surrender the use of his land for especial purposes injurious to his neighbor or to others, than that the latter should be deprived of the use of their property altogether, or be subjected to great danger, loss and injury, which might result if the rights of the former were without any restriction or restraint.

The keeping of gunpowder or other materials in a place, or under circumstances, where it would be liable, in case of explosion, to injure the dwelling-houses or the persons of those residing in close proximity, we think, rests upon the same principle, and is governed by the same general rules. An individual has no more right to keep a magazine of powder upon his premises, which is dangerous, to the detriment of his neighbor, than he is authorized to engage in any other business which may occasion serious consequences.

The counsel for the defendant relies upon the case of *The People* v. *Sands* (1 J. R., 78), to sustain the position that the defendant's business was neither a public nor a private nuisance. That was an indictment for keeping a quantity of gunpowder near dwelling-houses and near a public

street; and it was held (SPENCER, J., dissenting), that the fact as charged did not amount to a nuisance, and that it should have been alleged to have been negligently and improvidently kept. It will be seen that the case was disposed of upon the form of the indictment, and while it may well be that an allegation of negligence is necessary where an indictment is for a public nuisance, it by no means follows that negligence is essential in a private action to recover damages for an alleged nuisance. In *Myers* v. *Malcolm* (6 Hill, 292), it was held that the act of keeping a large quantity of gunpowder insufficiently secured near other buildings, thereby endangering the lives of persons residing in the vicinity, amounted to a public nuisance, and an action would lie for damages where an explosion occurred causing injury. NELSON, Ch. J., citing *The People* v. *Sands* (*supra*), says : " Upon the principle that nothing will be intended or inferred to support an indictment, the court said, for aught they could see, the house may have been one built and secured for the purpose of keeping powder in such a way as not to expose the neighborhood ; " and he cites several authorities which uphold the doctrine that where gunpowder is kept in such a place as is dangerous to the inhabitants or passengers, it will be regarded as a nuisance. The case of *The People* v. *Sands* is not therefore controling upon the question of negligence.

*Fillo* v. *Jones* (2 Abb. [Ct. of Ap., Dec.], 121), is also relied upon, but does not sustain the doctrine contended for ; and it is there held that an action for damages caused by the explosion of fire-works may be maintained upon the theory that the defendant was guilty of a wrongful and unlawful act, or of default, in keeping them at the place they were kept, because they were liable to spontaneous combustion and explosion, and thus endangered the lives of persons in their vicinity, and that the injury was occasioned by such spontaneous combustion and explosion.

It is apparent that negligence alone in the keeping of gunpowder is not controling, and that the danger arising from the locality where the fire-works or gunpowder are

kept, is to be taken into consideration in maintaining an action of this character. We think that the request to charge was too broad and properly refused. The charge, however, should have been in conformity with the rule herein laid down, and for the error of the judge in the charge, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.