By the Court.—Ingraham, J.
The defendants were jointly engaged in the erection of a building—Whalen as mason and builder, Fenton as owner, and Baxter as architect and superintendent,—a portion of the west wall of which fell upon plaintiff’s house, erected on the adjoining lot, and caused damage, to recover which this action is brought.
There was evidence tending to show that the material used in the construction of the building was of an inferior quality, and that the building was constructed in an improper and unsafe maimer, and that in consequence of the use of such materials and such imperfect manner in which the building was erected, the building fell.
By the agreement between Fenton the owner, and Whalen, Fenton was to furnish the material required for the building, and the materials used were purchased by Baxter as agent for Fenton.
That the use of property in such a way as to cause an injury to property adjoining, is a private nuisance, and all who join in the erection or maintenance of such nuisance are liable for all injuries caused thereby, is well settled.
In Heeg v. Licht (80 N. Y. 579), a private nuisance is defined to be “ anything done to the hurt or annoyance to the lands, tenements and hereditaments of another. *111 Any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, to the injury of another, comes within this definition, and renders the owner or possessor liable for all damages arising from such use.” Building a house in such a way and of such poor material that it falls and injures the adjoining property, would, under this rule, be a private nuisance.
In Hay v. Cohoes Co. (2 N. Y. 159), it appeared that the defendant, in excavating a canal upon land of which defendant was the owner, caused a large quantity of earth and rock to fall upon plaintiff’s land, which caused damage, and in holding it hable, the court said, u a man may prosecute such business as he chooses upon his premises, but he cannot erect a nuisance to the annoyance of the adjoining proprietor, even for the purpose of a lawful trade. He may excavate a canal, but he cannot cast the dirt and stones upon the land of his neighbor either by human agency or the force of gunpowder. If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, dr be held responsible for all damages resulting therefrom.” And in Tremain v. Cohoes Co. (2 N. Y. 163), the court held that the evidence offered by the defendant to prove that the work was done in the best and most careful manner, was irrelevant and of no consequence.
The court left it to the jury to say whether or not the defendants built the house as required by the building law, and the jury by their verdict have found that they did not, and that the injury was caused by the failure of the defendants to so construct the buildings.
It is well settled that the creator of a nuisance, or one who more remotely, either by negligence or design, furnishes the means and facilities for the commission of any injury to another which could not have been done without them, is equally responsible with the actual wrongdoer (Anderson v. Dickie, 26 How. 105).
I am of opinion that Dunham’s testimony- as to finding the mortar in the back-yard of the plaintiff was com *112 petent. The facts he stated' would have permitted the jury to find that the mortar was picked from a place where it would likely be dropped from the wall as it fell, there being no evidence that would otherwise account for it being in the back-yard, as the jury might find. The mortar in the state in which it was found, would enable a jury by the aid of witnesses to say what had been its constituents from the first. If Dunham said that there had been not sufficient lime in it in the beginning, there was no uncontrovertible evidence, that even if a great deal had been washed out, it was impossible for an expert to calculate how much there had been at first.
The defendant Fenton gave such an account of his relation to Baxter, that it, coupled with other facts in the case, shows that neither could have been harmed by pressing an inquiry as to whether they occupied the same office.
I think the judgment should be affirmed, with costs.
Sedgwick, Oh. J., concurred; Truax, J., dissented.