Lawrence, J.
The plaintiffs, at the times mentioned in the complaint, were copartners in trade, carrying on business as dry goods merchants in the premises known as 216 Church street, and Nos. 51, 53 and 55 Thomas street, in this city. The defendants were copartners, carrying on the business of manufacturing boxes, flooring and other wood work on the premises No.' 41 Duane street, in the city of New York, southwest of the plaintiff’s place of business. The complaint alleges that the defendants have so negligently conducted their business, etc., in the course of which several “materials and fuel are used and burned, which cause a dense smoke to be conducted through a chimney^ or smoke stack from their said premises, which smoke is carried from said chimney, etc., upon arid into the premises occupied by the plaintiffs, causing noxious and offensive smells, tainting and corrupting the atmosphere, and depositing dust and soot upon the goods and merchandise in the plaintiffs’ said place of business, etc.” The plaintiffs allege that “they have requested the defendants to remove and abate said nuisance, but defendants have refused to do so;” and unless enjoined and restrained from conducting their said business in such manner as to give rise to and occasion the said smoke, smells, dust, etc., plaintiffs will_ suffer irreparable damage, ana the health of the plaintiffs will be damaged thereby. A permanent injunction is, therefore, prayed for in the complaint.
The defendants, by their answer, admit that they have a chimney in their premises from which smoke is emitted, made by the burning of wood, coal and shavings, but they deny any negligence in conducting their business, and that said smoke caused noxious and offensive smells, etc. They also deny that the smoke, smells, dust and soot complained of by the plaintiffs come from the defendants’ premises.
*725 The law applicable to this case, if the facts alleged by the plaintiffs are proved, is perfectly well settled.
In Campbell v. Seaman (63 N. Y.. 577), Earl, J., in delivering the opinion of the court of appeals, after stating that persons living in organized communities must suffer some damage, annoyance and inconvenience from each other, says: But every person is bound to make a reasonable use of his property, so as to occasion no unnecessary damage or annoyance to his neighbor. If he makes an unreasonable, unwarrantable or unlawful use of it, so as to produce material annoyance, inconvenience, discomfort, or hurt to his neighbor, he will be guilty of a nuisance to his neighbor, and the law will hold him responsible for the consequent damages. As to what is a reasonable use of one’s own property cannot be defined by any certain rules, but must depend upon the circumstances of each case.” A use of property in one locality, and under some circumstances, may be lawful and reasonable, which, under other circumstances, would be unlawful, unreasonable and a nuisance. To constitute a nuisance the use must be such as to produce a tangible and “ appreciable injury to neighboring property, or such as to render its enjoyment specially uncomfortable or inconvenient.”
And in Heeg v. Licht (80 N. Y., 582), Miller, J., in delivering the opinion of the court, says: “A private nuisance is defined to be anything done to the hurt or annoyance of the lauds, tenements or hereditaments of another. 3 Black. Com., 216. Any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, to the injury of another, comes within the definition stated, and renders the owner or possessor liable for all damages arising from such use. Wood’s Law of Buisance, section 1, and authorities cited. The cases which are regarded as private nuisances are numerous, and the books are full of decisions holding the parties answerable for the injuries which result from their being maintained. The rule is of universal apSlication, that while a man may prosecute such business as e chooses on his own premises, he has no right to erect and maintain a nuisance to the injury of an adjoining proprietor or of his neighbors, even in the pursuit of a lawful trade. Aldred’s Case, 9 Coke, 102; Brady v. Weeks, 3 Barb., 159; Dubois v. Budlong, 15 Abb., 445; Wier’s Appeal, 74 Penn. State, 230. See, also, Cogswell v. N. Y., N. H. and H. R. R. Co., 103 N. Y., 10, and cases cited; Beir v. Cooke, 37 Hun, 38.
It will be seen from the examination of these authorities that the question whether a particular use of property amounts to a nuisance to one’s neighbor is a question of fact to be determined in each particular case. In this case a vast amount of testimony was taken on both sides; that of the plaintiff being designed to show that the annoyance from smoke, smells, dust and soot, to which the plaintiffs *726 were undoubtedly subjected, arose from the defendant’s factory, and that of the defendants being designed to show that the plaintiffs suffered little or no damage, annoyance or inconvenience from the smoke, smells, dust ana soot complained of; that such inconvenience was not caused by the defendants’ use of their factory, and if any such annoyance was experienced by the plaintiffs, the same arose from the acts of other parties than the defendants. It was claimed upon the trial that there were other factories from which the annoyance might come, and it was also maintained that it proceeded from the Elevated railway upon West Broadway.
I have examined the testimony with care, and have also taken a personal view of the premises of the parties and their surroundings, and have come to the conclusion that ■ the smoke, smells, dust and soot of which the plaintiffs complain proceed from the defendants’ premises, and that they are so annoying to the plaintiffs as to constitute a nuisance. There will be judgment, therefore, in favor of the plaintiffs, that the defendants so conduct their business in the future as not to work annoyance or discomfort to the plaintiffs. This, it would appear from the evidence, can be done without interfering materially with the defendants’ business, by abstaining from the burning of shavings or sawdust and by using coal. Let findings be drawn in accordance with these views