### REILLY v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

POWDER MAGAZINE—PROXIMITY TO DWELLINGS—EXPLOSION—PRIVATE NUISANCE —DAMAGES.

Where defendant stored a large quantity of dynamite in its powder magazine within 1,000 feet of plaintiff's and other dwellings, and such dynamite exploded without any explained cause, seriously injuring plaintiff and her dwelling, the jury were justified in finding that the

keeping such quantity of the explosive in such locality was a private nuisance, and that defendant was liable for such unavoidable consequences.

Woodward, J., dissenting.

Appeal from trial term, Orange county.

Action by Bridget Reilly against the Erie Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Bacon (Joseph Merritt, on the brief), for appellant.
Cornelius J. Earley, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a verdict for personal injuries received in consequence of the unexplained explosion of a large quantity of dynamite. The occurrence was on April 3, 1900, and the dynamite was stored by the defendant in its powder house near the unincorporated village of Otisville, in Orange county. The plaintiff was seated at the time in her own house, less than 1,000 feet from the dynamite magazine, and the explosion was sufficient in force and effect to unhinge the doors, knock in the sash, smash the windows, and jar down the ceiling. The neighborhood is very sparsely settled, but there were a number of inhabited houses as near to the powder house as, or nearer than, that of the plaintiff, and a public highway leading to the village runs alongside the powder house. The complaint charges the defendant with acts of negligence, but it is sufficient in form to comprehend a charge of the maintenance of a private nuisance. The case was submitted to the jury solely upon the latter theory, and the correctness of the ruling of the learned trial justice in that regard presents the only material question upon this appeal. I think the case is fairly within the principle of Heeg v. Licht, 80 N. Y. 579, 36 Am. Rep. 654, in which the court of appeals held that the keeping of gunpowder or other explosive material in a place or under circumstances where, in case of explosion, there will be a liability to injure the dwelling houses or the persons of those residing in close proximity, may constitute a private nuisance, for which the person so keeping them is liable to respond in damages in case of injury resulting therefrom, without regard to the question whether he was chargeable with carelessness or negligence. The court further held in that case that the question of nuisance depended upon the locality, the proximity of other buildings, the character of the magazine, the quantity of material stored, and all the surrounding circumstances, and that such question was to be determined by the jury as one of fact. The court said (page 581):

"That the defendant's establishment was outside of the territorial limits of a city does not relieve the owner from responsibility, or alter the case, if the dangerous erection was in close contiguity with dwelling houses or buildings which might be injured or destroyed in case of an explosion. The fact that the magazine was liable to such a contingency, which could not be guarded against or averted by the greatest degree of care and vigilance, evinces its dangerous character, and might, in some localities, render it a private nuisance. In such a case the rule which exonerates a party

engaged in a lawful business when free from negligence has no applica-
tion. The keeping or manufacturing of gunpowder or of fireworks does not
necessarily constitute a nuisance per se. That depends upon the locality,
the quantity, and the surrounding circumstances, and not entirely upon the
degree of care used. In the case at bar it should have been left for the
jury to determine whether, from the dangerous character of the defendant's
business, the proximity to other buildings, and all the facts proved upon
the trial, the defendant was chargeable with maintaining a private nuisance,
and answerable for the damages arising from the explosion."

The cases relied on by the defendant are distinguishable. They are
chiefly cases where a purely consequential injury has resulted from
the intentional use of explosives in the prosecution of a lawful work
with due care. In such cases it is held that no liability follows such
injury, as is the unavoidable result of the jarring of the soil or con-
cussion in the atmosphere, unaccompanied by an actual trespass upon
or invasion of the property of others by flying timbers, rocks, or
otherwise. See Booth v. Railroad Co., 140 N. Y. 267, 55 N. E. 592,
24 L. R. A. 105, 37 Am. St. Rep. 552; Holland House Co. v. Baird,
169 N. Y. 136, 62 N. E. 149. Here, however, the gravamen of the
charge consists, not in the manner in which the dangerous material
was being used in the actual prosecution of any work, but in the ac-
cumulation and the storage of the explosive in such a quantity and
in such a place that no possible vigilance could prevent injury from
being inflicted upon the persons and property of others in the neigh-
borhood. The event has established that the house in which the
plaintiff resided and the dwellings of several others were well within
the radius of damage which the dynamite stored by the defendant
was calculated to occasion from its inherent nature and tendency,
quite irrespective of the question of caution in handling and use; that
the persons and property of those residing in the vicinity were ac-
cordingly necessarily subjected to a danger which the utmost care
on the part of those having the material in charge would be wholly
powerless to avert; and that the consequent liability which the ver-
dict imposes for the damage which has actually resulted is clearly
within the principle of the authority first cited. The judgment and
order should be affirmed.

   Judgment and order affirmed, with costs. All concur, except WOODWARD,
J., who dissents.


WOODWARD, J. (dissenting). I am unable to concur in the re-
sult reached by Mr. Justice HIRSCHBERG, for the reason that I
do not understand the case of Heeg v. Licht, 80 N. Y. 579, 36 Am.
Rep. 654, in the light of later decisions, to hold that "the keeping
of gunpowder or other explosive material in a place or under cir-
cumstances where, in case of an explosion, there will be liability to
injure the dwelling houses or the persons of those residing in close
proximity, may constitute a private nuisance, for which the person
so keeping them is liable to respond in damages, in case of injury
resulting therefrom, without regard to the question whether he was
chargeable with carelessness or negligence." In Heeg v. Licht, su-
pra, the evidence showed that the defendant was the owner of a plot
of ground comprising about two acres, and that this plot was occu-

pied by several shops and the residence of the defendant; that there was a powder house upon this land, constructed with due care; and that the residence of the plaintiff was within about 175 feet of the defendant's premises,—this latter fact appearing in the complaint. Heeg v. Licht, 16 Hun, 257. The verdict of the jury in favor of the defendant was affirmed at general term, but was reversed upon appeal, the court using the following language:

"The judge upon the trial charged the jury that they must find for the defendant unless they found that the defendant carelessly and negligently kept the gunpowder upon his premises. The judge refused to charge 'that the powder magazine was dangerous in itself to plaintiff and his property, and was a private nuisance, and the defendant was liable to the plaintiff, whether it was carelessly kept or not'; and the plaintiff duly excepted to the charge, and the refusal to charge. We think that the charge made was erroneous, and not warranted by the facts presented upon the trial. * * * It should have been left for the jury to determine whether, from the dangerous character of the defendant's business, the proximity to the other buildings, and all the facts proved upon the trial, the defendant was chargeable with maintaining a private nuisance, and answerable for the damages arising from the explosion. * * * It is apparent that negligence alone in the keeping of gunpowder is not controlling, and that the danger arising from the locality where the fireworks or gunpowder are kept is to be taken into consideration in maintaining an action of this character. We think that the request to charge was too broad, and properly refused. The charge, however, should have been in conformity with the rule herein laid down, and for the error of the judge in the charge, the judgment should be reversed, and a new trial granted, with costs to abide the event."

There may be room for a difference of opinion as to what particular rule is laid down in the above discussion, but, in my view of the question, the rule which the learned court intended to assert was that liability did not hinge upon the question of the care exercised in keeping the powder, but upon the broader question of whether the defendant had exercised the degree of care and prudence which he owed to the plaintiff in locating his powder house and in stocking the same, having in mind the dangerous character of the materials to be kept. That is, it was for the jury to determine, not whether the defendant had exercised due care in handling and storing the powder and in protecting it from coming in contact with fire, which would cause an explosion, but whether, in view of the well-known explosive character of the materials to be stored, he had exercised the degree of care which was demanded of him in locating his powder house and in the quantity of powder to be stored. It is obvious that with a dwelling house 175 feet away no danger could be reasonably expected if the amount of powder in the vault was limited to five or ten pounds. If it exploded, it would be likely to disturb a dwelling house at that distance, while a ton of powder exploding would be very likely to totally destroy a building at that distance. So the question as to whether the powder house was a private nuisance depended upon its distance from the residence of the plaintiff, the amount of powder stored, and all of the facts which would be useful in determining whether the defendant had used reasonable care not to injure his neighbor in the use of his own property; and this we conceive to be the true test of liability, and not the question of whether the defendant had used due care in preventing an explosion.

In the case at bar the evidence establishes that the house of the plaintiff was at a distance of nearly 1,000 feet from the magazine, which was located in the outskirts of an unincorporated village; that the magazine was used for storing the explosive used in blasting rocks in the stone quarry of the defendant, and that the quantity on hand was about the amount necessary to use from day to day in carrying on the lawful occupation of the defendant; and the question should have been submitted to the jury whether the defendant was primarily negligent in storing this amount of dynamite at the location of the magazine, having in view the location of the plaintiff's residence, for upon the determination of this fact must depend the question of whether the defendant was maintaining a private nuisance. "The wants of mankind," say the court in Bohan v. Gaslight Co., 122 N. Y. 18, 25, 25 N. E. 246, 247, 9 L. R. A. 711, "demand that property be put to many and various uses and employments, and one may have upon his property any kind of lawful business, and, so long as it is not a nuisance, and is not managed so as to become such, he is not responsible for any damage that his neighbor accidentally and unavoidably sustains. Such losses the law regards as damna absque injuria. Under this principle, if the steam boiler had exploded and injured the plaintiff's property, it would have been necessary for her to prove negligence on the defendant's part to entitle her to recover,"—citing Losee v. Buchanan, 51 N. Y. 476, 10 Am. Rep. 623. But it is said where the damage is the necessary consequence of just what the defendant is doing, or is incident to the business itself, or the manner in which it is conducted, the law of negligence has no application, and the law of nuisance applies. Bohan v. Gaslight Co., supra, and authorities cited. The damage to the plaintiff in the case at bar was not the necessary consequence of what the defendant was doing; it was not incident to the business itself, or the manner in which it was conducted; and the law of nuisance would not apply unless it was shown that it was primarily negligent, in view of the explosive character of the material and its quantity, for the defendant to store it within the proved distance from the plaintiff's residence. The defendant's business was lawful, and in its conduct the law does not impose the obligation of saving harmless others from the occurrence of inevitable accident, but rather burdens it simply with the duty of using reasonable care and caution to save others from injury. If it omitted that duty, and failed to observe that ordinary care which was incumbent upon it, then because of such neglect it became legally chargeable with the damages directly resulting therefrom, but not otherwise. Cosulich v. Oil Co., 122 N. Y. 118, 123, 25 N. E. 259, 19 Am. St. Rep. 475, and authorities there cited. There is a class of cases where the thing causing the injury is shown to be in the control of the defendant, and the accident is such as, in the ordinary course of events, does not happen, if reasonable care is used, in which the courts, in the absence of explanation, hold that the happening of the accident affords sufficient evidence of negligence to support the conclusion that the defendant has failed to use the degree of care required by law. Breen v. Railroad Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450; Seybolt v. Railroad

Co., 95 N. Y. 562, 47 Am. Rep. 75. But "it is believed," says Mr. Thompson (2 Thomp. Neg. 1227), "that it is never true, except in contractual relations, that the proof of the mere fact that the accident happened to the plaintiff, without more, will amount to prima facie proof of negligence on the part of the defendant." Cosulich v. Oil Co., 122 N. Y. 118, 128, 25 N. E. 259, 261, 19 Am. St. Rep. 475, and authorities there cited. In the case at bar there were no contractual relations existing between the plaintiff and the defendant, and the only duty the defendant owed to this plaintiff was to use reasonable care in making a lawful use of its own premises, not to injure the person or property of the plaintiff. The question of reasonable care must depend upon whether the magazine, which exploded without known cause, so far as the evidence discloses, was located properly, and whether it contained a proper amount of the explosive, having regard to its distance from the plaintiff's residence, its location with reference to the protection it would receive from trees, hills, or other obstructions, and generally all of the surrounding facts. The learned trial justice took from the jury all questions of negligence, and submitted the abstract question of whether the maintenance of the magazine constituted a private nuisance. This, it seems to me, was error. There could be no private nuisance without the neglect of some duty which the defendant owed to the plaintiff, and the question should have been whether the defendant, in the construction of its magazine at the point where it was constructed, and in maintaining it, with the quantity of dynamite which was stored, neglected this duty. If it did neglect this duty, then it was guilty of maintaining a private nuisance, and was liable to the plaintiff for the damages resulting to the plaintiff by reason of the explosion.