in respect to the jurisdiction of the civil service commission.

*John E. O'Brien* and *Robert L. Luce* for appellants.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Elliot S. Benedict* and *Thomas W. A. Crowe* of counsel), for respondents.

Order affirmed, with costs, on opinion of McAvoy, J., below.

Concur: Hiscock, Ch. J., Cardozo, McLaughlin, Crane, Andrews and Lehman, JJ. Not voting: Pound, J.

---

CATHERINE M. SMITH, as Administratrix of the Estate of JOHN C. SMITH, Deceased, Respondent, *v.* GEORGE H. EARLE, JR., et al., Defendants, and WALTER J. SALMON, Appellant.

*Pleading — when complaint states cause of action against majority stockholder of corporation, lessee of building, for death of workman through collapse of building during alteration.*

*Smith* v. *Earle,* 209 App. Div. 503, affirmed.

(Submitted June 2, 1925; decided July 15, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 6, 1924, which reversed an order of Special Term granting a motion for a dismissal of the complaint as to defendant, appellant, herein under rule 106 of the Rules of Civil Practice. The action was to recover for the death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect and default of the defendants, and each of them, resulting in the collapse of the Strathmore Building, located on the northeast corner of Broadway and Fifty-second street, New York city, while intestate was lawfully at work therein and defendants were engaged in converting the structure from a tenement to a non-tenement building. The motion was made upon the ground that it appeared upon the face of the complaint that defendant, appellant, was neither the owner nor the lessee of the Strathmore Building, but

that liability is attempted to be fastened upon him on the ground that the lessee, the Strathmore Leasing Company, was a dummy to enable him as a majority stockholder and the true owner to carry on the work. The Appellate Division held that the complaint went further and alleged that the work was being done under the direction and control of defendant, appellant, and that he was guilty of the negligence which caused the building to collapse. The following question was certified: " Does the complaint herein state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, Walter J. Salmon? "

*Walter H. Bond* for appellant.

*Ralph Gillette* and *Charles P. Carney* for respondent.

Order affirmed, with costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: POUND, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* AMBROSE ROSS, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued June 3, 1925; decided July 15, 1925.)

APPEAL from a judgment of the Nassau County Court, rendered October 10, 1924, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Frederick J. Groehl* and *Joseph Lonardo* for appellant.

*Charles R. Weeks, District Attorney (Charles I. Wood* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.