E. Deane Vincent and Another, Respondents, *v.* Hercules Powder Company, Appellant.

Third Department, January 15, 1930.

*M. A. Tierney* [*P. C. Dugan* of counsel], for the appellant.

*E. Deane Vincent* [*John T. Norton* and *John P. Taylor* of counsel], for the respondents.

Hill, J. Defendant owns and operates a plant in Rensselaer county for the manufacture of gunpowder. On March 16, 1928, there were explosions of thousands of pounds, damaging plaintiffs' house in the village of Schaghticoke, about half a mile away. The jury found that the damage was caused by the explosions, and that the defendant maintained a nuisance. The defendant urges a reversal of plaintiffs' judgment, principally because of the provisions of section 456 of the Labor Law (as amd. by Laws of 1922, chap. 421). This statute fixes the relative location of powder magazines, the quantity which each may contain and their distance from buildings, railroads and highways. The defendant had complied with the statute, and argues that an act which the law sanctions and authorizes is not a nuisance although it may cause damage to individual rights and private property.

Prior to the enactment of that statute it was a question of fact dependent upon the locality, quantity and surrounding circumstances, whether the storing of gunpowder in proximity to buildings was a private nuisance. (*Heeg* v. *Licht*, 80 N. Y. 579.) " The statutory sanction which will justify an injury to private property

must be express or must be given by clear and unquestionable implication from the powers expressly conferred, so that it can fairly be said that the Legislature contemplated the doing of the very act which occasioned the injury." (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10, 21.) In *Hill* v. *Managers of Metropolitan Asylum District* (L. R. 4 Q. B. Div. 433; affd., *sub nom. Metropolitan Asylum District* v. *Hill*, L. R. 6 App. Cas. 193) a hospital for the treatment of contagious diseases was located near plaintiff's residence, under general legislative authority which permitted the defendants to select the site. The House of Lords sustained an injunction. In a discussion of that case in the *Cogswell* opinion (*supra*, pp. 22, 23) it is said " That the particular land or site for the hospital must have been defined in the act, or, as held by one of the judges, it must appear that the act, while defining certain general limits, could not be complied with at all without creating a nuisance, and that the erection of the hospital at the particular place was made imperative." The Supreme Court of the United States said: " We deem the true rule, under the Fifth Amendment, as under State Constitutions containing a similar prohibition, to be that while the Legislature may legalize what otherwise would be a public nuisance, it may not confer immunity from action for a private nuisance of such a character as to amount in effect to a taking of private property for public use." (*Richards* v. *Washington Terminal Co.*, 233 U. S. 546, 553.) *Heeg* v. *Licht* (*supra*) sustains the recovery, and the statute has not changed the rule.

The judgment and order should be affirmed, with costs.

VAN KIRK, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Judgment and order affirmed, with costs.