CORA NIEHAUS, Respondent, v. CARYFIELD, INC., Appellant, Impleaded with NEW YORK COTTON STORES, INC., Defendant.

First Department, February 2, 1934.

*Walter L. Glenney* of counsel [*Chauncey L. Grant*, attorney], for the appellant.

*Robert Daru* of counsel [*George Foster, Jr.*, with him on the brief; *Le Roy Mandle*, attorney], for the respondent.

GLENNON, J. It is claimed by the appellant that the court at Special Term erred in holding that the action set forth in the complaint sounds in nuisance and not in negligence. We believe that a proper determination was reached. It is conceded that, if the facts pleaded make out a cause of action in negligence only, the three-year Statute of Limitations would apply, and the cause would be barred. (Civ. Prac. Act, § 49.)

The question was presented by a motion made by the defendant Caryfield, Inc., for judgment on the pleadings " dismissing the complaint * * * on the ground * * * that more than three years elapsed between the time of the alleged accident and the commencement of this action." It is necessary, therefore, to consider the allegations set forth in the complaint, together with the answer which was interposed by the appellant. In substance, it was admitted that defendant Caryfield, Inc., was the owner of certain premises known as 1166 Broadway, New York city, and that the defendant New York Cotton Stores, Inc., was the sublessee of a portion of the premises, to wit, " the basement, part of which was directly below the sidewalk in front of the premises #1166 Broadway."

In its answer appellant has failed to deny the following allegations contained in the fifth paragraph of the complaint: " That the said premises abut upon the public street known as Broadway, and that at all times hereinafter mentioned a portion of the public sidewalk appurtenant to the said premises consisted of glass prism inserts, constructed in concrete, which said portion of the sidewalk covered a part of the vault or basement of the said premises hereinbefore referred to."

After appropriate statements as to possession and control plaintiff alleged, in substance, that the defendants maintained and used the front of the said premises and the sidewalk, which had glass prism inserts constructed into it, for use as an egress from and ingress to said premises, and as a covering for the vault. Then follows the ninth paragraph: " That the defendants and each of them, their respective agents, servants and employees failed so to keep and maintain the said portion of the sidewalk, and the glass prisms constructed into it as aforesaid, and such sidewalk and the glass prisms constructed into it as aforesaid were and for a long time had been to the knowledge of the defendants and each of them wrongfully, unlawfully and negligently kept and maintained by the defendants herein and each of them, their respective agents, servants and employees, by reason whereof such sidewalk and the glass prisms constructed into it, as aforesaid, were in a dangerous and defective condition, and constituted a nuisance."

In the tenth paragraph it is charged that the glass prisms con-

structed into the sidewalk appurtenant to the premises "for a long time prior to the [date of the accident], had been missing, defectively fastened, broken and kept in disrepair" to the knowledge and notice of the defendants; and that defendants failed to remedy and correct the same, and thereby failed to perform the duties imposed upon them by law with respect to keeping the walk in good repair.

We can assume for the purposes of this appeal that on the 18th day of July, 1927, while plaintiff was "lawfully walking over and along the said walk and the said glass prisms, she tripped over and fell upon same" through no fault of her own, and received certain injuries.

Appellant in its answer does not deny that the glass prism inserts covered a part of the vault or basement of the premises. The only separate defense which was interposed was that the cause of action did not accrue within three years before the commencement of this action and is barred by the Statute of Limitations. No license or permit to cover the vaults under the sidewalk in the manner described in the complaint has been pleaded by the defendant. It is not claimed that the city has acquiesced in the maintenance of the vault covering for a period of time sufficient to cause a presumption to arise that it was placed there with its consent. In *Clifford* v. *Dam* (81 N. Y. 52), CHURCH, Ch. J., said: "The defendants' counsel asked a witness whether he recollected obtaining any privilege to put vaults under the sidewalk adjoining the hotel. This was objected to on the ground that no license had been pleaded, and because immaterial and irrelevant. It was then offered to show that the usual permit had been obtained from the proper authorities in the city of New York authorizing the construction of the vaults under the sidewalk with the openings therein. The witness stated that the permit was in writing, and it was further objected that it should be produced. The court then said: 'I exclude the proposed evidence.' The evidence might have been excluded upon the ground that the best evidence should be produced, but taking what occurred, especially in connection with the charge (which was not properly excepted to), it is fair, I think, to assume that the court intended to reject the evidence as incompetent, because not pleaded, or as immaterial. * * * If a permit was material the effect of it would only be to mitigate the act from an absolute nuisance, to an act involving care in the construction and maintenance; and to justify such a structure, it would be necessary not only to plead it, but also to allege and prove a compliance with its terms, and that the structure was properly made and maintained, to secure the same safety to the public, that the sidewalk

would have secured without it. When permission is given by a municipal authority to interfere with a street solely for private use and convenience in no way connected with the public use, the person obtaining such permission must see to it, that the street is restored to its original safety and usefulness."

Assume, if we will, that the owner of the premises had obtained permission to construct the sidewalk in the manner in which it was built, it was not relieved from liability for injury caused to pedestrians by proper construction. The duty of inspection and repair continued in it as long as it was maintained for the benefit of its property.

In *Trustees of Canandaigua* v. *Foster* (156 N. Y. 354, at p. 359), a case involving the subject of nuisance, Judge VANN stated: " As was said as early as *Heacock* v. *Sherman* (14 Wend. 58, 60), the owner ' is bound to repair * * * in consideration of private advantage.' The doctrine of implied duty, which is well established by the authorities, requires the person who, even with due permission, constructs a scuttle hole in the sidewalk in front of his premises, to use reasonable care for the safety of the public, as long as it remains there and is subject to his control."

In this case we should not lose sight of the fact that the defendants allowed the covering of the vault to become broken and defective and suffered it to continue in that condition for a long time as the result of which it was a nuisance.

The court at Special Term said: " It is certain a nuisance can develop out of negligence."

In *McFarlane* v. *City of Niagara Falls* (247 N. Y. 340), an action based upon nuisance, Chief Judge CARDOZO said: " If danger there was, then also there was nuisance, though nuisance growing out of negligence. Nuisance as a concept of the law has more meanings than one. The primary meaning does not involve the element of negligence as one of its essential factors (*Heeg* v. *Licht*, 80 N. Y. 579). One acts sometimes at one's peril. In such circumstances, the duty to desist is absolute whenever conduct, if persisted in, brings damage to another (21 Halsbury, Laws of England, p. 507, § 845). Illustrations are abundant. One who emits noxious fumes or gases day by day in the running of his factory may be liable to his neighbor though he has taken all available precautions (*McCarty* v. *Nat. Carbonic Gas Co.*, 189 N. Y. 40). He is not to do such things at all, whether he is negligent or careful. One who digs a hole in the highway will not be heard to say if he dug it without license that the guards placed about it were destroyed without his fault (*Congreve* v. *Smith*, 18 N. Y. 79; *Wolf* v. *Kilpatrick*, 101 N. Y. 146). He was a wrongdoer in digging, and dili-

gence in guarding does not eradicate his fault. Other situations there are, however, where what was lawful in its origin may be turned into a nuisance by negligence in maintenance. The coal hole, built under a license, may involve a liability for nuisance, if there is negligence in covering it (*Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354)."

The appellant lays considerable stress upon the case of *Hayes* v. *Brooklyn Heights R. R. Co.* (200 N. Y. 183). That case is readily distinguishable from the one now under consideration. The complaint in that case failed to allege that a nuisance existed, or that the defendant was negligent. Hayes was injured by reason of stepping into a hole or rut on Second avenue, in the borough of Brooklyn. He alleged that his suffering and loss of earning power " were due solely to the wrongful and unlawful conduct of the defendant, its agents and servants, in suffering said hole or rut to be and remain in the street near its tracks." Under the Railroad Law the duty of keeping the space between tracks and two feet on either side thereof in good and safe condition was imposed upon street surface railroads. The railroad was not charged with the responsibility of laying the pavement under the provisions of the act. No benefit accrued to it by reason of the obligation imposed. Its duty to make repairs, therefore, was no greater than that of a municipality. It would be unreasonable to hold a municipality chargeable with nuisance because it failed to remedy every defect in a city street. Consequently, under ordinary circumstances, it is only chargeable with negligence, provided, of course, it had either actual or constructive notice of a defect. The following excerpt is taken from the opinion of Judge HAIGHT in *Hayes* v. *Brooklyn Heights R. R. Co.* (*supra*): " The duty, therefore, of municipalities of keeping their streets and highways in good and safe condition is, to the extent specified by the statute, also devolved upon the railroad corporations, whose duty with reference thereto becomes the same as that which rests upon the municipality. * * * If a municipality or a railroad company should dig a pit, or place a dangerous obstruction in or upon a public street, which it was obligated to keep in repair, it would be the creation of a public nuisance and unquestionably the party creating the nuisance would be liable to a person suffering injuries by reason thereof. So also an individual maintaining a coal hole in the sidewalk in front of his premises with an insufficient cover, or who constructs a water pipe which receives the water collected from the roof of his building and discharges it on the surface of the sidewalk, from which ice forms as the water flows across it to the gutter, becomes liable therefor as the creator of the nuisance irrespective of any question of negligence."

Here the sidewalk was constructed by the owner, or its predecessors in interest, for the purpose of benefiting its property. The glass prism inserts were placed in the sidewalk over the vault for the purpose of permitting natural light to reach it. Its duty at all times was to keep the sidewalk in good repair. It owed an obligation to the public to so maintain the sidewalk that it would not become a thing of danger or a menace to pedestrians. Assuming, therefore, that it did permit the glass prism inserts to become defectively fastened, broken and missing, it failed in its duty imposed by law and consequently is chargeable with maintaining a public nuisance. It follows, therefore, that the cause of action pleaded is not barred by the three-year Statute of Limitations.

The orders appealed from should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Orders affirmed, with twenty dollars costs and disbursements.