William Anderson, Appellant, v. Emigrant Industrial Savings Bank, Respondent.

First Department, June 28, 1944.

*Samuel M. Zuckerman* for appellant.

*Ralph H. Terhune* of counsel (*E. C. Sherwood,* attorney), for respondent.

*Per Curiam.* The storage of such a large quantity of tanks of explosive gas under high pressure in a congested section of New York City constituted a nuisance, or at least a jury could so find. (*Heeg* v. *Licht,* 80 N. Y. 579; *Reilly* v. *Erie Railroad*

*Co.*, 72 App. Div. 476, affd. 177 N. Y. 547.) Accordingly the six-year and not the three-year Statute of Limitations applies. (*Niehaus* v. *Caryfield, Inc.*, 240 App. Div. 144.)

Upon the evidence received without objection from which the jury could find that the plaintiff was not acting as the defendant's servant at the time of the accident and especially in view of the previous determination of the Industrial Board, the plaintiff's motion to amend the complaint by omitting allegations to the contrary should have been granted.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.