FRIEDA STEINBERG et al., Plaintiffs, *v.* JOHN ROSENBLUM, INC., et al., Defendants.

Supreme Court, Special Term, New York County, February 25, 1954.

*Horace R. Lamb* and *Alfred E. Froh* for Raymond Concrete Pile Company, defendant.

*Alexander & Ash* for John Rosenblum, Inc., defendant.

*Jacob Freed Adelman* for plaintiffs.

MATTHEW M. LEVY, J. The defendant Raymond Concrete Pile Company moves as against the plaintiffs for dismissal of each of the three causes of action stated in the second amended complaint upon the ground that none was commenced within the period limited by law, and, further, for dismissal of the first and third causes of action, upon the ground that in neither case are facts stated sufficient to constitute legal liability. The pleading and affidavits, in support and in opposition, are before me on the first branch of the motion, as is the pleading alone on the second branch.

This action arises from claimed damage done to certain garage premises owned by the plaintiffs on property situated opposite the Marble Hill Housing Project in New York City, and such damage is alleged to have arisen from pile-driving operations on the project. The codefendant John Rosenblum, Inc. was the prime contractor under an agreement with the New York City Housing Authority, by which agreement Rosenblum undertook " the sinking of pilings and all other foundation work " on the project. Raymond was engaged by Rosenblum " to perform all or part of the obligations of the " contractor under the terms of the latter's agreement with the Authority. Raymond, the moving defendant, commenced and continued performance of the work under the contract, and plaintiffs' structure was damaged by the work. The plaintiffs allege, in their first cause of action, that, under the terms of the prime contract, Rosenblum " undertook to pay all claims lawfully made against it by third persons " resulting from " performance of said defendant's work at the construction site or of the work of said defendant's subcontractors, including the defendant Raymond ", and that such contract with the authority further provided that the subcontractor " was deemed to be the " agent of the contractor " for all the purposes of the said contract," and that " said provisions in said contract were made a part thereof for the benefit of these plaintiffs ".

I hold the first cause of action (based on contract) to be insufficient on its face. Its allegations amount to this: that the contractor undertook the work, that its subcontractors would be deemed its agents, and that the contractor was required to make payment of damage sustained by third parties, whether the work was done by the contractor or its subcontractors. For the most part, the reference to the terms of the contract constitutes the plaintiffs' allegation of the legal effect thereof. The basic allegations of this cause of action are in paragraphs numbered " Fifth ", " Sixth ", " Seventh " and " Eighth " of the complaint. The allegations of paragraph Sixth create an obligation on the part of the defendant contractor but fail to set forth any basis of liability on the part of the defendant subcontractor. The allegations of paragraph Seventh accomplish nothing in addition to making the prime contractor responsible for the acts of the subcontractor in the performance of the former's obligations. Paragraph Fifth is the plaintiffs' statement of the legal effect of the hiring of the defendant subcontractor without any allegation that a contract between the defendants exists. The vice of that paragraph consists particularly in the fact that the

plaintiffs fail to allege specifically that part of the prime contractor's obligations which the subcontractor undertook to perform and that such specific undertaking on the part of the subcontractor has the legal effect of charging the subcontractor with the liability herein asserted. And, insofar as paragraph Eighth is invoked, all that is alleged is "that said provisions in said contract were made a part thereof for the benefit of these plaintiffs," and thus all that appears is that the plaintiffs were, by the terms of the contract, the beneficiaries only insofar as the original contractor was concerned. I need but quote the established law on the subject: "I do not understand that the case of *Lawrence* v. *Fox* [20 N. Y. 268] has gone so far as to hold that every promise made by one person to another, from the performance of which a third would derive a benefit, gives a right of action to such third party, he being privy neither to the contract or the consideration. To entitle him to an action, the contract must have been made for his benefit. He must be the party intended to be benefited" (*Garnsey* v. *Rogers,* 47 N. Y. 233, 240).

Raymond seeks to dismiss the second cause of action because it was not instituted in due time. That cause states an action in negligence, based upon the claim that the plaintiffs' garage was damaged by the subcontractors' careless pile-driving operations. The Statute of Limitations is three years (Civ. Prac. Act, § 49, subd. 6), and the service of process upon the moving subcontractor was concededly effectuated subsequent to that time. The action was, however, commenced as against the prime contractor within the three-year period, and the plaintiffs claim that the two defendants were so united in interest that service on one was service on another under section 16 of the Civil Practice Act. In my opinion, this contention is baseless under the facts existing here. The cases in which section 16 has been found applicable are those where a judgment against one of several defendants would affect or prejudice the others who were not served (*Farrell* v. *American Beverage Corp.,* 203 Misc. 330, 335). "If the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other then they are ' otherwise united in interest.' " (*Prudential Ins. Co.* v. *Stone,* 270 N. Y. 154, 159.) In the instant case, a judgment against the prime contractor would neither bind nor prejudice the subcontractor. And if, as appears to be the case, Raymond was not named as a defendant in the summons when it

was served upon Rosenblum — and in fact was not joined as a party until after the statute had run — an interesting and perhaps effective argument might be made in support of the proposition that an unnamed defendant is not bound as to the Statute of Limitations (even where there is unity of interest) by service upon a named defendant. For example, in *Shaw* v. *Cock* (78 N. Y. 194, 197) the court said: " The delivery of a summons to the sheriff will not prevent the running of the statute in favor of persons who, although they may be liable upon the obligations upon which the action is brought, *are not named as defendants in the summons*, and it can make no difference whether the omission was by design or through ignorance, mistake or inadvertence." (Italics supplied.) (See, also, *Arnold* v. *Mayal Realty Co.*, 299 N. Y. 57.)

As to the third cause of action, on nuisance, I shall also consider the matter from the viewpoint of the Statute of Limitations. The plaintiffs claim that the statute as to this cause of action is six years, citing subdivision 3 of section 48 of the Civil Practice Act. The moving defendant asserts that it is three years (Civ. Prac. Act, § 49, subd. 7). The authorities relied upon by plaintiffs in support of their contention are cases involving personal injury and do not apply here (*Smith* v. *Earle*, 202 App. Div. 305, affd. 240 N. Y. 691; *Niehaus* v. *Caryfield, Inc.*, 240 App. Div. 144). I must therefore analyze the present allegations, in the pleading and the affidavits, for, if the cause of action is a continuing one, as plaintiffs assert, the three-year limitation had not expired at the time the moving party was served.

It is claimed in support of the third cause of action, in addition to the initial undertaking and negligence, that, as a result of the operations, the foundations of plaintiffs' premises have been partially destroyed, and continue so to be, that cracking of walls and other parts of their premises has continued and still continues, and that plaintiffs' building settled and continues to settle, and that as a result thereof the damage to plaintiffs is continuing and that said acts constitute a nuisance. That is quite insufficient upon which to base a claim of a continuing nuisance. As I see the picture, the plaintiffs seem to have confused nuisance (the thing maintained) with its result (continued and continuing damage). What the defendant did was to complete the performance of its work and leave nothing which it continued to do or to maintain. The defendant is maintaining nothing on the project premises,

nothing on the plaintiffs' premises, and nothing in the neighborhood of the premises of either. It appears from the undisputed proof before me that the damage to plaintiffs' property was the result of acts long ago done and completed. Thus, this is not a situation where the act is not legally injurious because resultant consequences have not yet occurred (and a cause of action does not accrue), but rather where injury has been inflicted at the time of the negligent act — and in this circumstance the subsequent or continued aggravation of the damage does not postpone or extend or expand or continue the time of accrual of the cause of action. In my view, the third cause of action is barred by the Statute of Limitations and the real issue of tort liability may not be distorted to escape application of the three-year provision.

Since the first cause of action is insufficient, it is unnecessary presently to consider the application of the Statute of Limitations to it, but leave will be given to amend, as the plaintiffs on the argument of the motion seemed to have placed reliance upon the subsidiary contract, or some claim of adoption or assumption of the prime contract, and they may endeavor to seek relief thereunder. The second cause of action is dismissed as barred by the Statute of Limitations. And, likewise, as to the third cause of action the sufficiency of which (in view of my ruling) I need not explore. Order signed.