Louis L. Friedman, J.
In this action to recover for alleged loans made to the defendants, defendant Edith Mirsky moves for an order amending the summons and complaint; for judgment dismissing the complaint for insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice and judg *716 ment dismissing the third and fourth causes of action pursuant to subdivision 5 of rule 107 of the Buies of Civil Practice, on the ground that these causes of action are barred by the Statute of Limitations. Defendant Essex Shirt Co. Inc. moves for summary judgment pursuant to the provisions of rule 113 of the Buies of Civil Practice and for a severance of the action with respect to the counterclaim asserted by this defendant.
Defendant Mir sky’s motion to amend the summons and complaint is granted on consent; so much of the motion as requested relief under rule 106 of the Buies of Civil Practice was withdrawn on the argument. As to the relief requested under rule 107 of the Buies of Civil Practice the plaintiffs plead four causes of action. The first two, as indicated by the complaint, are for moneys allegedly advanced by plaintiffs on behalf of the defendant copartnership in their purchase of merchandise which the individual defendants agreed to repay to plaintiffs, and which obligations the defendant corporation agreed and assumed to pay to the plaintiffs. The last two causes of action are for loans made to the copartnership.
It is undisputed that unless the Statute of Limitations was tolled or extended, the third and fourth causes of action are barred. Plaintiffs lay great stress on the theory that the Statute of Limitations was extended by the defendant corporation through its acknowledging and promising to pay the obligations set forth in these causes of action allegedly incurred by the copartnership, and plaintiffs cite section 59 of the Civil Practice Act in support of their contention. Assuming the validity of plaintiffs’ argument (with which the court does not agree), an examination of the disputed causes of action reveals that the plaintiffs have failed to plead any assumption or agreement on the part of the defendant corporation to pay the obligations of the partnership, so as to remove this action from the operation of the Statute of Limitations. While plaintiffs repeat the allegations of the first cause of action relating to the incorporation of the defendant corporation, they fail to plead the alleged assumption or new agreement to pay, as expressed in the first cause of action.
However, the dismissal must be sustained on much more substantial grounds than heretofore expressed. The essential elements of section 59 of the Civil Practice Act read as follows: ‘ ‘ An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the provisions of this article relating to the limitations of time within which an action must be *717 brought”. The language of this section specifically indicates that only the party to be charged may extend the Statute of Limitations, and the benefit of this° section does not extend to any other person not a party to the new writing. In order to charge the copartnership with such revival or extension, it had to be signed by the debtor or authorized agent (1 Williston on Contracts [3d ed,], § 190).
In discussing the effect of section 59 of the Civil Practice Act, the court, in Peoples Trust Co. v. O’Neil (273 N. Y. 312, 316-317) stated the following: “ An action on a contract brought after six years from its due date must be brought on the new promise, express or implied, which operates to take the claim out of the statute. The new promise must be made by the one sought to be bound or his agent, duly authorized or his act thereafter ratified. * * * ‘ that such acknowledgement or promise, to take a debt out of the statute, must be made by the party to be charged or by some person authorized by him,’ and ‘ that there is no mutual agency between joint debtors by reason of the joint contract, which will authorize one to act for and to bind the others in a manner to vary or extend their liability.’” (See, also, Matter of Cook v. Buffalo Gen. Hosp. 308 N. Y. 480.) It would seem on principle, that the rule applicable in a case of a joint maker, surety or guarantor, is also applicable in the situation presented here.
Accordingly the motion of this defendant is granted.
As to the corporate defendant’s motion, plaintiffs, as a result of proof of payment submitted by this defendant, have consented to withdraw the first cause of action. With respect to the second cause of action plaintiffs claim that the action was instituted within the six-year period of the Statute of Limitations by the service of the summons upon the codefendant Mirsky, the administratrix of the estate of Mac Mirsky, one of the copartners. Plaintiffs further claim that as such code-fendant, the parties are united in interest (Civ. Prac. Act, § 16) and that in any event the debt was revived by the defendant corporation’s assuming and agreeing to pay the obligation. While it may well be that there is no unity of interest between the parties so as to come within the scope of section 16 of the Civil Practice Act (Prudential Ins. Co. v. Stone, 270 N. Y. 154; Steinberg v. John Rosenblum, Inc., 205 Misc. 760; Ginas v. Loew’s, Inc., 190 Misc. 884) and the plaintiffs have failed to properly plead an assumption agreement or new promise to pay in the third and fourth causes of action, it appears that on all the papers submitted, an issue of fact has been presented sufficient to warrant a denial of the motion for summary judg *718 ment. While .plaintiff’s action appears to be weak of structure, it is not the court’s function to try the issue at this time, but merely to determine whether there is an issue to be tried (Dwan v. Massarene, 199 App. Div. 872). A motion under rule 113 of the Eules of Civil Practice is'not directed to the pleadings. It deals only with the question as to whether there are triable issues of fact in the case (Recckio v. Recckio, 273 App. Div. 1057). The proper method of challenging a pleading as a matter of law is by direct attack upon the complaint or any cause of action pleaded.
Under all the circumstances herein the corporate defendant’s motion is denied. Settle orders on notice.