JAMES SOMERVILLE

*v.*

ANTHONY MARKS.

58   371
131  328

| 58  | 371 |
| 214 | 636 |

1. TEXAS CATTLE LAW—*validity of.* The power of the legislature to enact the law of February 27, 1867, to prevent the importation of Texas and Cherokee cattle into this State, has been affirmed.

2. SAME—*private action for damages for violation of—of negligence on the part of the plaintiff.* In an action on the case wherein the plaintiff sought to recover for damages arising from a violation by the defendant, of the act of February 27, 1867, known as the Texas cattle law, it was *held*, that ordinary negligence on the part of the plaintiff contributing to the injury, would not bar his right of recovery—nothing less than gross negligence would do so.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

Mr. R. N. BISHOP, for the appellant.

Mr. JOHN W. BLACKBURN and Mr. JAMES A. EADS, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Marks brought this suit against Somerville, for damages arising from a violation of the act, approved February 27th, 1867, and entitled "An act to prevent the importation of Texas or Cherokee cattle into the State of Illinois."

The declaration alleges, that appellant, subsequent to the passage of the law, brought into the State, and had in his possession therein, Texas and Cherokee cattle, which infected the cattle of appellee with disease, of which they died. The allegations are sustained by the proof. The evidence discloses the knowledge of appellant of the character of the cattle.

Appellee recovered a judgment in the circuit court, and this appeal is prosecuted for its reversal.

The power of the legislature to pass the law has been decided at the present term. See *Yeazel* v. *Alexander et al. ante,* p. 254.

Appellant objects to the instructions of the court, upon the question of negligence.

The court instructed the jury, that if the allegations in the declaration were proved, slight or ordinary negligence on the part of the plaintiff, would not prevent a recovery; and that he would not be barred from maintaining his suit without proof of gross and wilful negligence.

This case is compared with cases against railroad corporations for killing stock, where the law required them to fence their roads. The comparison can not be maintained.

In this case, appellant had no right to bring into, or to have in possession in the State, the cattle prohibited. Proof of either of these facts made him a wrong-doer—a wilful violator of the law; for he is presumed to know the law. On the other hand, appellee had the lawful right to own his cattle, put them in his pasture, or permit them to roam at large. The one owned property by permission of the law; the other had in his possession property condemned by the law, as infectious and dangerous. The act of the one was wilful; of the other, permissive.

The suits against railroad corporations, referred to, were for mere omissions of duty—for acts of *non-feasance*. Appellant was guilty of *mal-feasance* When this was proved, his wilful negligence was established, and injury following therefrom, rendered him liable.

Any ordinary negligence on the part of appellee, would not bar his right of recovery; nothing less than gross negligence would do so.

It is also contended, that the court erred in stating in the third instruction, "that defendant had no right to put Texas or Cherokee cattle, which had been brought into the State of Illinois since the 27th of February, 1867, into a pasture adjoining the plaintiff, and infect the cattle of plaintiff."

This may not be formally correct, but we construe it as merely declaratory of the law. We do not think it could mislead, for there is no disoute as to the character of the cattle,

the time of possession, or that they did infect the cattle of appellee.

There is no error in the instructions given or refused, and the jury could not have rendered a different verdict, from the evidence.

The judgment is affirmed.

*Judgment affirmed.*