## ELIZA JANE MASTERS, Adm'x, etc.

### v.

## WILLIAM MASTERS.

1. BILL OF EXCEPTIONS.—As there is no bill of exceptions in the record, the court can not pass upon the rulings of the court below in admitting the evidence in question.

2. PERSONAL JUDGMENT AGAINST ADMINISTRATOR.—Where one sues as an administrator and it does not appear in the record that he has made himself liable to pay costs, it is error to render a personal judgment against him. The judgment should be against him in his representative character.

3. ERROR IN FORM OF JUDGMENT—PRACTICE.—As the error in question relates merely to the form of the judgment, it will, according to the practice in such cases, be corrected and the proper judgment rendered in this court.

ERROR to the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed October 23, 1883.

Mr. CHARLES J. BEATTIE, for plaintiff in error; that a judgment for costs can not be rendered against an administrator in his personal character, cited Church v. Jewett, 1 Scam. 55; Gibbons v. Johnson, 3 Scam. 61; Hunter v. Bilyeu, 39 Ill. 368.

In rendering judgment on the verdict, the court should have ordered the judgment entered for the payment of costs in due course of administration: Welch v. Wallace, 3 Gilm.

490; Peck v. Stephenson, 5 Gilm. 127; Judy v. Kelley, 11 Ill. 211.

Mr. H. B. HURD, for defendant in error; that the correction in the judgment can be made in this court, cited Church v. Jewett, 1 Scam. 55; Peck v. Stephenson, 5 Gilm. 127.

WILSON, J.   This was assumpsit brought by the plaintiff in error, Eliza Jane Masters, as administratrix of the estate of Thomas Masters, deceased, against the defendant in error, William Masters, upon a promissory note executed by the latter to Thomas Masters in his life-time.   The declaration is in the usual form, and concludes, " to the damage of the plaintiff as administratrix, as aforesaid, of fifteen hundred dollars," etc.   There was a jury trial resulting in a verdict for the defendant.   The plaintiff's motion for a new trial having been overruled, the court rendered judgment against her in her individual capacity, for the costs of suit, and she appealed to this court.

Various errors are assigned, calling in question the rulings of the court in admitting certain evidence, overruling the plaintiff's motion for a new trial, etc.

As there is no bill of exceptions in the record, we have no means of knowing whether the court ruled correctly or otherwise on the points complained of.   But the rendering of a personal judgment against the plaintiff, which is also assigned as error, was improper.   Having sued as administratrix, and not appearing in the record to show that she had made herself personally liable to pay costs, the judgment should have been against her in her representative character.   This error necessitates a reversal of the judgment of the court below, but as the error relates merely to the form of the judgment, it will, in accordance with the settled practice in such cases, be corrected and the proper judgment rendered here: Church et al. v. Jewett et al. 1 Scam. 55; Peck v. Stephenson et al. 5 Gil. 127; Welch v. Wallace, 3 Gil. 490.

The judgment is reversed and judgment rendered in this court against the plaintiff below for costs, to be paid in due course of administration.