## JOHN K. STEVENS

### v.

## CHRISTOPHER C. BROWN ET AL., Ex'rs.

LANDLORD AND TENANT—INJURY BY EXCAVATION.—Where the wrongful acts alleged in plaintiff's first and second counts consisted merely in defendants' intestate, who was plaintiff's landlord, digging a deep trench in the ground, close to and adjoining plaintiff's premises, whereby the foundation of his building was disturbed and caused to settle and give way, thereby causing the injuries complained of, and there was evidence given tending to support these counts. *Held*, that said counts sufficiently set forth a cause of action, and it was error for the court to so modify plaintiff's instructions as to require plaintiff, in order to recover, to prove that defendant's intestate wrongfully *entered* upon the premises in possession of the plaintiff as his tenant.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed February 12, 1884.

This was an action on the case, brought by John K. Stevens, as tenant of John E. Owsley, to recover damages for certain alleged injuries to his possession of the demised premises. Owsley was named as defendant in the original summons, but it afterward appearing that he was dead, the suit was prosecuted against his executors.

It appears that on the 29th day of April, 1881, Owsley leased to the plaintiff, for the term of one year, certain premises situated on the southwest corner of Madison and Robey streets, Chicago, to be used by the plaintiff as a photograph gallery, and that while the plaintiff was in possession under his lease, Owsley, who also owned the land adjoining the demised premises on the west, erected a large three or four story brick building west of and adjoining said premises, and in order to lay the foundations of said building, caused a deep trench or excavation to be dug in the ground along and adjoining the west side of the demised premises. The plaintiff alleges that by reason thereof, the foundations of his building gave way and settled, causing serious injury to his possession of the building and destroying or damaging a large amount of his photographic material, negatives and furniture therein.

Adjoining the plaintiff's building on the south was certain vacant ground owned by Owsley and claimed by the plaintiff as appurtenant to his building and a part of the demised premises. On this ground and within five feet of the plaintiff's building, there was also erected at about the same time, a one-story frame building, the erection of which, as is alleged, cut off the light from that direction, by which the plaintiff was accustomed to do his photographic printing, thereby greatly incommoding and injuring him in his business.

The declaration consists of three counts, the first and second of which relate solely to the injuries arising to the plaintiff from the excavation and building west of the demised premises, while the third count relates to the erection of the structure south of the plaintiff's building. Among other instructions, the plaintiff asked the following, which the court modified by inserting the words in italics, and gave them to the jury so modified.

2. "The jury are further instructed that a landlord has no right by any act of his, to interfere with the full enjoyment by the tenant of the premises granted, and in this case, if the jury believe from the evidence that the plaintiff was the tenant at the time in question of John E. Owsley, and that

said Owsley, without any leave or license from the plaintiff, purposely did or caused to be done any of the acts charged in the declaration, *by taking possession of any portion of the premises leased, or by willfully invading the possession of the plaintiff, and interfering with the enjoyment of the premises*, and if the jury further believe from the evidence that such acts resulted in injury to the property of said Stevens, then the jury should find for the plaintiff and assess his damages at such sum as the jury may believe from the evidence he has sustained.

4. " The jury are the sole judges of the evidence and of the weight thereof in this case, and if the jury believe from the evidence that John E. Owsley, in his life-time, and while the plaintiff was the tenant of said Owsley in possession of the photograph gallery in question, *and of a yard adjoining said gallery, and that he did wrongfully enter upon said premises* and undermine or cause to be undermined the west side or west wall of said gallery, in such manner as to cause said west wall to settle, the plastering in various parts of the gallery building to fall off, and to cause the roof of the gallery building to leak, and that such undermining was done without the consent of the plaintiff, then the jury should find for the plaintiff."

Proper exceptions to the decisions of the court in relation to the instructions were preserved by the plaintiff. The verdict and judgment were for the defendants, and the plaintiff brings the record to this court by appeal.

Messrs. FRANK J. SMITH & F. A. HELMER, for appellant.

Messrs. G. & W. GARNETT, for appellees; that the bill of exceptions does not purport to show all the instructions that the court below gave, and therefore this court can not say that there was error in modifying those that were given, cited Wallace v. Goold, 91 Ill. 15; England v. Selby, 93 Ill. 340.

BAILEY, J. The first ground urged for the reversal of the judgment in this case is, the rejection of evidence as to the nature and extent of the plaintiff's business at the time it is

alleged to have been wrongfully interrupted or interfered with by the defendant's testator. On this point it is sufficient to say, that evidence of this character, if admissible, was material only as bearing on the question of damages, and as the jury found the defendants not guilty, they did not reach the consideration of that question, and the plaintiff, therefore, was in no way prejudiced by the exclusion of evidence which the jury, as they viewed the case, would not have considered if it had been before them.

But we are unable to say from the record, that the court below ruled that evidence of this character was inadmissible. In the examination of one of the plaintiff's witnesses, this question was asked: " About how large and what kind of a business was Mr. Stevens doing there at that time?" To this the witness answered: " He was doing a very nice business at that time, and previous to this—." At this point he seems to have been interrupted by an objection; and there follows this memorandum: " Objected to, objection sustained, exception by counsel for plaintiff." Neither the ground of objection nor the thing objected to is specifically pointed out. It would appear, then, according to the most obvious construction of the record, that the objection made was merely to that portion of the answer of the witness which he was proceeding to give when interrupted, viz., the extent and nature of the plaintiff's business at some previous period. That was clearly immaterial and the objection thereto was properly sustained. No other question on this subject was put to any witness, nor was the court called upon to make any other ruling in relation to it.

But we are of the opinion that the modification of the plaintiff's second instruction was erroneous. By that modification the burden was thrown on the plaintiff, in order to recover under either count of the declaration, to prove that the defendant's testator either took possession of portion of the premises leased, or willfully invaded the plaintiff's possession. In the case made by the first and second counts, no invasion of the plaintiff's possession is charged. The wrongful acts alleged in those counts consist merely of digging a deep

trench or excavation in the ground, along the west side of, close to and adjoining the plaintiff's premises, whereby the foundation of his building was disturbed and caused to settle and give way, thereby causing the injuries complained of. That these counts sufficiently set forth a cause of action, is not questioned, and there is evidence in the record tending to support them; but the instruction as modified, imposed upon the plaintiff the burden of proving facts not alleged in those counts, and not necessary to a recovery under them.

The same error also appears in the modification of the plaintiff's fourth instruction. There, in order to a recovery, the plaintiff is required in like manner to prove that the defendant's intestate wrongfully entered upon the premises in possession of the plaintiff as his tenant. This under the first and second counts of the declaration was unnecessary. By these instructions those two counts were practically excluded from the jury. For these errors the judgment must be reversed and the cause remanded.

Judgment reversed.