## THE LAFLIN & RAND POWDER COMPANY

*v.*

## MARY TEARNEY.

*Filed at Ottawa January 21, 1890.*

1. NUISANCE—*private nuisance—defined.* A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another. Any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, to the injury of another, comes within the definition of a nuisance, and renders the owner or possessor liable for all damages arising from such use.

2. SAME—*location to be changed—as the circumstances may require.* Carrying on an offensive or dangerous trade for any number of years in a place remote from buildings and public roads, does not entitle the owner to continue it in the same place after houses have been built and roads laid out in the neighborhood, to the occupants of which, and travelers upon which, it is a nuisance. As the city extends, such nuisances should be removed to vacant grounds beyond the immediate neighborhood of the residence of citizens.

3. So in an action to recover damages for injury to the plaintiff's buildings, occasioned by an explosion of defendant's powder magazine, which was in dangerous proximity to the plaintiff's property, it will not avail as a defense that there were other powder magazines in the same neighborhood in which the plaintiff lived, at the time of the explosion of the defendant's magazine; that they were there when the plaintiff bought her lot and erected her buildings thereon; that her husband had been employed in the powder business, and that she bought her property in order that he might be near the magazines; that she bought such property after the location of defendant's magazine; and that she had before that time leased some of her land to other powder companies.

4. SAME—*storage of powder, dynamite, etc.—dangerous proximity to buildings.* The fact that a magazine of gunpowder and dynamite exploded, shows that it was dangerous; and the fact that such explosion destroyed plaintiff's buildings, shows that the keeping of gunpowder in the magazine, considered with reference to "the locality, the quantity and the surrounding circumstances," constituted a nuisance *per se.*

5. SAME—*nuisance maintained in violation of ordinance.* The keeping of gunpowder in a town or village, in violation of an ordinance, is an illegal act, which renders the party so keeping the same, liable for all the consequences resulting from such act. By keeping a powder

magazine in a town without complying with the conditions named in· the ordinance, the party will be guilty of malfeasance. It will not present a case of mere nonfeasance.

6. SAME—*negligence, as an element to be considered.* A declaration in an action on the case for an injury to the plaintiff's houses by the explosion of a powder magazine situated dangerously near the plaintiff's property, is not open to the charge of showing no cause of action, merely by reason of having omitted to charge the defendant with negligence. The keeper of such a private nuisance is liable for an injury by an explosion, without any negligence being chargeable to him.

7. SAME—*pleading—allegation of nuisance.* And in such case, if the facts alleged in the declaration of themselves constitute a nuisance, it is not necessary to further characterize them by the use of the word "nuisance."

8. INSTRUCTION—*construed—whether making jury judge of pleadings.* In an action on the case to recover damages to the plaintiff's real property caused by the explosion of the defendant's powder magazine, the court instructed: "If the jury find, from the evidence, that the plaintiff has made out her case, then the jury must find for the plaintiff:" *Held*, no error. Such instruction does not make the jury the judges of the effect of the averments of the declaration, but leaves them to determine whether the proof sustains the issues made by the pleadings.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. MILLS & INGHAM, and Mr. E. F. RUNYAN, for the appellant:

We urge a reversal on two grounds: First, the declaration does not set out a cause of action; and second, the maxim *non fit volenti* applies to the plaintiff, and bars her right to recover.

The declaration should have shown negligence of the defendant, causing the explosion and injury. *Heeg* v. *Licht,* 80· N. Y. 579; *Myers* v. *Malcomb,* 6 Hill, 291; 1 Thompson on· Negligence, 47, 86.

The explosion was not caused by any act of omission or· commission on the part of appellant, but was caused by lightning. In such case there is an injury, but no remedy.

The injury was not the result of the omission to have a lease of sufficient ground, as required by the ordinance.

Messrs. BARNUM, EVANS & BARNUM, for the appellee:

In the case of an injury from a nuisance, the question of want of care is not involved.    The defendant being guilty of an unlawful act, is liable, though guilty of no negligence. Wood on Nuisances, secs. 115, 130-133; *Hay* v. *Cohoes Co.* 2 N. Y. 509; *Tremain* v. *Cohoes Co.* id. 163; *Cahill* v. *Eastman*, 18 Minn. 324; *Phinzy* v. *Augusta*, 47 Ga. 263; *Montgomery* v. *Fleming*, 2 Stuart, 519; *Heeg* v. *Licht*, 80 N. Y. 582; *Wier's Appeal*, 74 Pa. St. 230.

A party doing an illegal act is liable for all the consequences resulting from it.    *Burton* v. *McClellan*, 2 Scam. 436; *Hill* v. *Ward*, 2 Gilm. 286; *Clark* v. *Lake*, 1 Scam. 230; *Gas Co.* v. *Thompson*, 39 Ill. 600.

If the declaration was defective, it was cured by the verdict. *Barker* v. *Koozier*, 80 Ill. 206; Gould's Pl. (4th ed.) 462-471; 1 Chitty's Pl. 673.

The fact the explosion was caused by lightning is no defense. Wood on Nuisances, sec. 73; *Cheatham* v. *Shearon*, 1 Swan, 213.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action on the case brought in the Superior Court of Cook County by the appellee against the appellant company to recover damages to the dwelling, barn and other outhouses upon the premises of appellee, resulting from the explosion of a powder magazine upon the premises of appellant.    The buildings of the plaintiff and the powder magazine in question were located upon a street called Archer Avenue in the town of Lake in the outskirts of the City of Chicago in Cook County. Verdict and judgment in the trial court were in favor of the plaintiff, and such judgment having been affirmed by the Appellate Court is brought here from the latter court by appeal.

The first instruction given for the plaintiff is as follows :·
"If the jury find from the evidence that the plaintiff has made·
out her case as laid in her declaration, then the jury must find.
for the plaintiff." Defendant took exception to the giving of
this instruction. We have held that such an instruction does
not make the jury the judges of the effect of the averments
of the declaration, but merely empowers them to determine
whether the proof introduced sustains the issues made by the
pleadings in the case. (*O. & M. R'y Co.* v. *Porter*, 92 Ill. 437 ;
*Pennsylvania Co.* v. *Marshall*, 119 id. 399).

The declaration was not demurred to. After the plaintiff
had closed her testimony, the defendant moved that the jury
be directed to return a verdict in favor of the defendant, which
motion was overruled, and exception was taken. After the
motion for new trial was overruled, defendant also moved in
arrest of judgment, which latter motion being overruled ex-
ception was entered.

It is claimed by the appellant that the declaration does not
set out a cause of action. The first objection made to the
declaration is that it does not charge the defendant with neg-
ligence. The objection is not well taken.

The powder magazine kept by the defendant upon its prem-
ises was so situated with reference to the dwelling house of
the plaintiff, that it was liable to inflict serious injury upon
her person or her property in case of an explosion. It was
a private nuisance, and, therefore, the defendant was liable
whether the powder was carefully kept or not. As a general
rule, the question of care or want of care is not involved in an
action for injuries resulting from a nuisance. If actual injury
result from the keeping of gun-powder, the person keeping it
will be liable therefor, even though the explosion is not charge-
able to his personal negligence. (Wood's Law of Nuisance,
(1st ed.) secs. 73, 115, 130, 142 ; *Heeg* v. *Licht*, 80 N. Y. 579 ;
*Cheatham* v. *Shearon*, 1 Swan, (Tenn.) 213 ; *Stout* v. *McAdam*,
2 Scam. 67 ; *Ottawa Gas Co.* v. *Thompson*, 39 Ill. 600 ; *Nevins*

v. *City of Peoria,* 41 id. 502; *Cooper* v. *Randall,* 53 id. 24; *Myers* v. *Malcorn,* 6 Hill, 292; *Hay* v. *Cohoes Co.* 2 N. Y. 159; *Phinney* v. *Augusta,* 47 Ga. 263; *Burton* v. *McClellan,* 2 Scam. 434; *Weir's Appeal,* 74 Penn. St. 230.)

The second objection to the declaration is that it does not specifically aver the powder magazine to be a nuisance. It was not necessary to use the word, "nuisance," if the facts alleged constituted a nuisance. The declaration avers, that it was the duty of the defendant to so use its premises as not to jeopardize the buildings of the plaintiff, and not to store upon its premises any dangerous substance whereby plaintiff's property might be destroyed in case of an explosion; that the defendant did keep upon its premises a magazine of gunpowder, dynamite, etc., and stored therein a large amount of gunpowder, dynamite, etc.; that the gunpowder, dynamite, etc., so kept upon said premises exploded, and that, by means of such explosion, "the material of which such magazine was constructed was then and there driven with great force and violence upon and against the property of the plaintiff hereinbefore described," and that "the following property of the plaintiff was by means of such explosion struck by flying missiles, rocks and stones, and was wrecked and torn by means of the concussion of the air, then and there caused by said explosion, and was totally destroyed and lost, and was of great value,—to-wit: One two-story frame dwelling," etc. "A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another. (3 Bl. Com. 216.) Any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, to the injury of another, comes within the definition stated, and renders the owner or possessor liable for all damages arising from such use." *(Heeg* v. *Licht, supra).*

The averments of the declaration bring the present case within the definition thus quoted. The fact that the magazine exploded shows that it was dangerous. The fact, that the ex-

plosion destroyed plaintiff's buildings, shows, that the keeping of gunpowder in the magazine, considered with reference to "the locality, the quantity and the surrounding circumstances," constituted a nuisance *per se.* (*Heeg* v. *Licht, supra;* Wood's Law of Nuisance, sec. 142, *supra*).

The declaration contains two counts. The second count, in addition to the averments of the first as above set forth, further avers, that there was an ordinance in the town of Lake, ordaining that "no powder magazine or place for storing or keeping gun-powder or other explosive material shall be kept or maintained within the town : *Provided,* however, the provisions of this section shall not be held or construed to apply," etc., to any magazine located upon a lot of a certain size and area; and that the defendant's magazine was located upon a lot of a smaller size than that required by the ordinance.

It is claimed by the defendant that the injury to the plaintiff's property was not caused by the violation of this ordinance, and, therefore, that such violation imposes no liability upon the defendant. We do not concur in this view. If the magazine had not been where it was, the explosion would not have taken place, and the injury to plaintiff's property would not have resulted. The ordinance absolutely prohibited any powder magazine from being kept within the town, unless the lot upon which it was located should be of a certain size. The defendant kept its magazine within the town upon a smaller lot than the law required. Its magazine was in the town in violation of the law. The keeping of gunpowder in the town was an illegal act. "If an illegal act be done, the party doing or causing the act to be done, is responsible for all consequences resulting from the act." (*Burton* v. *McClellan, supra*).

The cases referred to by counsel as holding a contrary doctrine have no application here. In those cases it is held, that, where the plaintiff's right of recovery depends upon his own exercise of due care as well as upon the defendant's negligence, the failure of the defendant to comply with some stat-

utory requirement, such as ringing a bell, or blowing a whistle, or erecting a sign-board, will not of itself authorize a recovery in the absence of such care on the part of the plaintiff.   There, the injury is attributable to the plaintiff's want of ordinary care, and the defendant's neglect of a statutory requirement cannot be set up as an excuse.   Here, there is no question of the exercise of care by the plaintiff, nor is it a mere matter of non-feasance on the part of the defendant.   In keeping a powder magazine in the town without complying with the condition named in the ordinance, the defendant was guilty of mal-feasance.   Its offense is similar to that of bringing diseased cattle into the State in violation of the act of the legislature on that subject, as discussed in *Somerville* v. *Marks*, 58 Ill. 371, and *Sangamon Distilling Co.* v. *Young*, 77 id. 197.

The appellant complains of the refusal of the court to instruct the jury, that there could be no recovery, if they should find from the evidence that there were other powder magazines in the neighborhood where plaintiff lived, that such magazines were there when plaintiff bought her lot and erected her buildings, that her husband had been employed in the powder business, that she bought her property in order that her husband might be near the magazines, that she bought said property after the location and erection of defendant's magazine, that her husband had been a stockholder in one of the powder companies, and that she had leased some of her own land to powder companies for the purpose of storing powder thereon.

It is claimed, that, if the foregoing facts were found to be true, the plaintiff assumed the risk of being injured by the explosion of defendant's magazine.

If a servant enters the employment of his master knowing it to be dangerous and unsafe, he assumes the risks attendant upon such employment and waives all claim for damages against his employer in case of injury.   In such cases the risks are a part of the contract of service.   (2 Thompson on Negligence, 1008).   But in the present case, it is not pretended

that either the plaintiff or her husband had ever been employed by the defendant, or had ever had any interest in defendant's powder magazine or business, or that there had ever been any relations of any kind between her or her husband and the defendant.

In *Cooper* v. *Randall*, 53 Ill. 24, which was an action to recover damages for the erection, on a lot adjacent to plaintiff's dwelling-house, of a flouring mill which threw chaff, dust, smut and dirt into plaintiff's house, the defendants sought to prove that another house in the same neighborhood, owned and rented by the plaintiff, was a disreputable house. The evidence was held to be inadmissible because wholly foreign to the issue. "The issue was whether the mill was an injury to this property, and no light could be shed upon that question by evidence in regard to the occupancy of another house in the neighborhood."

In *Weir's Appeal*, 74 Penn. St. 230, *supra*, it was said: "Carrying on an offensive trade for any number of years in a place remote from buildings and public roads does not entitle the owner to continue it in the same place, after houses have been built and roads laid out in the neighborhood, to the occupants of which and travellers upon which it is a nuisance. As the city extends, such nuisances should be removed to the vacant grounds beyond the immediate neighborhood of the residence of the citizens. This public policy, as well as the health and comfort of the population of the city, demand."

We do not think that there was any error in the refusal of the instruction last referred to.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*