### John F. Boyer, Administrator, Appellant, v. Northwestern Elevated Railroad Company, Appellee.

#### Gen. No. 17,461.

1. DEATH—*cause of action.* In an action to recover damages to a widow and next of kin for death by wrongful act, proof that the widow was dependent upon deceased and that children were born to them makes out a cause of action based on the leaving of a surviving widow and next of kin.

2. DEATH—*number of children left surviving may be proved.* In an action by a widow and next of kin to recover damages for death by wrongful act, it is error to refuse to admit evidence as to the number of children left surviving by the deceased.

3. APPEALS AND ERRORS—*when refusal to admit proof is harmless error.* Where a jury in an action for death by wrongful act, by their general verdict and answer to a special interrogatory, find for defendant, refusal to admit proof as to the number of children left surviving by the deceased is harmless error.

4. DEATH—*when instruction on meeting burden of proof is not objectionable.* Where objection has been sustained to evidence as to next of kin in an action to recover damages to a widow and next of kin for death by wrongful act, an instruction that if the plaintiff has not met the burden to prove the facts alleged in the declaration the defendant shall be found not guilty, is not in effect a peremptory instruction to find for the defendant.

5. INSTRUCTIONS—*when jury does not determine facts relied on by plaintiff.* An instruction requiring plaintiff to prove the facts alleged in his declaration and relied upon by him in the case is not objectionable as leaving it to the jury to determine the facts upon which the plaintiff relies.

6. INSTRUCTION—*burden of proof.* Where a man was killed on crossing a railroad track, an instruction that the jury are not permitted to assume that the decedent had used due care, but that the burden is upon the plaintiff to prove such fact by a preponderance of evidence, is not objectionable.

7. EXECUTORS AND ADMINISTRATORS—*when judgment for costs in improper form.* Where an administrator sues as plaintiff in an action for death by wrongful act, and judgment is given for the defendant, the fact that the judgment awards an execution against the administrator for costs without requiring them to be paid in due course of administration is a purely technical error and may be corrected by a proper form of judgment entered in the appellate court.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the HON. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed. Opinion filed October 22, 1912.

CHARLES S. GRAVES, for appellant.

SHERIFF, DENT, DOBYNS & FREEMAN, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Suit was brought in the Circuit Court of Cook County by the administrator of the estate of Philip A. Ohneth, to recover damages to the widow and next of kin caused by the death of said Ohneth, who was killed while crossing the tracks of the railroad company.

The accident occurred in the city of Evanston at the railroad crossing at Foster street. This street runs east and west, while the tracks run north and south and, at this point, on the surface. There are three tracks crossing the street; the east track for southbound trains, the center track for northbound trains,

and the west track was used simply for switching. On September 11, 1909, at about four o'clock in the afternoon, Ohneth, on a bicycle, was riding west on Foster street approaching the railroad crossing. A southbound train had stopped in the center of Foster street; another southbound train had just preceded it and was drawing slowly away. As Ohneth on his bicycle approached defendant's tracks, the train which had stopped, began to move south slowly, and Ohneth rode behind it across the tracks and was struck and instantly killed by a rapidly moving northbound train on the center track. The jury found defendant not guilty.

Amanda Ohneth, widow of the deceased testified that she was married to the deceased April 14, 1896, in Chicago, and that they lived together as husband and wife up to the time of his death, September 11, 1909. She was then asked, "How many children were born to you and Philip A. Ohneth?" and objection to this question was sustained by the court. She was then asked, "At the time of Mr. Ohneth's death, did you and Mr. Ohneth have any children?" Objection to the question on the ground of immateriality was sustained by the court. The court also sustained an objection to the question whether a child or children were born to the witness after the death of Mr. Ohneth. She testified that she was supported by Mr. Ohneth at the time of his death. She was then asked, "Were any children born to you and Philip Ohneth?" To that question the court overruled an objection, and she answered in the affirmative. She was then asked, "How many?" and an objection was sustained. In our opinion the court erred in excluding the evidence. The evidence was manifestly proper. The admitted evidence shows, however, that Mrs. Ohneth was dependent upon the deceased for her support and that children were born to them. The record, therefore, shows that the deceased left him surviving a widow, and, in the absence of proof that the children born to them had died, that he left him surviving next of kin. This

proof, in our opinion, made out a cause of action, as to the leaving of a surviving widow and next of kin, and the proof in that respect answered the requirements of the statute upon that branch of the plaintiff's case.

The jury returned a general verdict of not guilty and answered in the negative the following special interrogatory:

"Was the deceased, Philip A. Ohneth, in the exercise of due and proper care for his own safety at the time of the accident which resulted in his death?"

If the proof as to the number of children left surviving by the deceased had been admitted, it could, therefore, have added nothing to the case, unless it would have been to augment the damages. The general verdict and the answer to the special interrogatory shows that the jury never reached the question of damages. It decided the question of negligence in favor of the defendant, and it therefore became unnecessary for it to consider the question of damages. We think, in view of the verdict of the jury, the error in excluding the evidence offered was harmless. Stevens v. Brown, 14 Ill. App. 173. Had the evidence been admitted, it would have made no difference in the result reached by the jury, for the reason that, having found that there was no liability, the evidence as to the amount of damages could not have affected their decision. Hill v. Parsons, 110 Ill. 107.

It is urged that the court erred in giving to the jury, at the request of defendant, the following instruction:

"The burden of proof is on the plaintiff to prove by a preponderance of the evidence, the facts alleged in his declaration, and relied upon by him in this case, and if the plaintiff has failed to prove said allegations by a preponderance of the evidence, or if the evidence is evenly balanced or preponderates in favor of the defendant, then you should find the defendant not guilty."

This instruction, it is urged, was in effect a peremptory instruction to find the issues for the defendant, in view of the fact that the court had sustained objections to evidence as to next of kin, which was an essential averment in the declaration. Prendergast v. Chicago City Ry. Co., 114 Ill. App. 156 is cited as authority for this position. In that case the deceased was unmarried and the court refused to permit the plaintiff to prove that the deceased contributed to the support of his father. There was in that case, therefore, no proof in the record of any one to suffer any financial injury by the death of the deceased, or of any one who would be entitled to receive damages if they had been awarded by the jury. We think the case not applicable to the case at bar.

It is further urged in support of the objection to the instruction, that it leaves to the jury to determine the facts upon which the plaintiff relies in the case. We do not think the instruction can be so construed as to leave the question of the materiality of the allegations in the declaration to the jury, or any other question of law. It simply directs the jury to look to the declaration for a statement of the facts in plaintiff's case. Reference to the declaration in instructions is common, ordinary practice in this jurisdiction, and it has been repeatedly held that while it is objectionable it is not error. We do not think this instruction makes the jury judges of the effect of the averments in the declaration, but merely empowers them to determine whether the proof introduced sustains the issues made by the pleadings in the case. This practice has been upheld in Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322; Ohio & M. R. Co. v. Porter, 92 Ill. 437; Central R. Co. v. Bannister, 195 Ill. 48, and many other cases cited. In our opinion, the instruction stated to the jury that the burden of proof was on the plaintiff to prove by a preponderance of the evidence the facts alleged in the declaration, and the addition

of the words, "and relied upon by him in this case" was harmless.

Error is assigned upon the giving of instruction No. 5 at the request of defendant. That instruction reads as follows:

"You are not permitted to assume that the deceased, Philip A. Ohneth, was exercising due and proper care for his own safety at and about the time of the accident, but the burden is on the plaintiff to prove such fact by a preponderance of the evidence, and if he has failed to make such proof as is required by this instruction, then your verdict should be in favor of the defendant." We do not think the court committed error in giving the instruction.

Upon a study and examination of the evidence in the case, and without citing and analyzing it, we think that the evidence sustains the verdict of the jury.

Error is assigned upon the judgment in that it awards an execution against the plaintiff, and administrator, for costs, and omits the proper direction to be paid in due course of administration. This is a purely technical error as to form of judgment, and may be corrected by a proper form of judgment entered in this court. Church v. Jewett, 2 Ill. (1 Scam.) 55; Masters v. Masters, 13 Ill. App. 611; Robinson v. Kirkwood, 91 Ill. App. 54.

The judgment of the Circuit Court is reversed and modified here so as to affect the plaintiff only in his representative character as administrator.

*Reversed.*