## Lena O'Connor, Appellee, v. Aluminum Ore Company, Appellant.

1. NUISANCE—*sufficiency of declaration in action for personal injury.* Where, in an action for injuries caused by the lodgment in plaintiff's eye of a substance alleged to have been blown from defendant's manufacturing plant, both parties argued the case as if based on negligence, but the declaration stated a typical case of nuisance, except that the damages were for personal injury instead of the deprivation of the comfortable use and enjoyment of real estate, the rule was applied that if the facts alleged of themselves constitute a nuisance, it is not necessary to further characterize them by the use of the word "nuisance," nor is it necessary to allege negligence.

2. NUISANCE—*right of action for personal injury caused by operation of plant.* Where a manufacturing plant is operated in such manner that dangerous acids, gasses, etc., are carried by the wind into, over and upon a neighbor's residence, and he was deprived of the comfortable use and enjoyment of his property, the owner of the plant would be liable for a nuisance; and if such neighbor received a personal injury from some of the things so thrown into the air and upon his property, there would appear to be no reason, in principle, why he should not be entitled to recover for that injury.

3. NUISANCE—*admissibility of evidence of experience of others in action for personal injury.* In an action against the owner of a manufacturing plant for injuries alleged to have been sustained by the lodgment in plaintiff's eye of a substance blown from such plant, it would have been competent, in order to charge defendant with knowledge, to have proven the experience of others with reference to the effect on them of matter thus escaping from defendant's plant, or when the wind was blowing from the plant, but it was error to admit experiences subsequent to the accident in question.

4. NUISANCE—*inadmissibility of evidence of damage to property in action for personal injury.* In an action to recover damages alleged to have been received through substances escaping from a nuisance maintained by defendant, it is not proper to admit evidence of damage to vegetation through such substances.

5. NUISANCE—*insufficiency of evidence to support verdict for plaintiff in action for personal injury through operation of plant.* In an action against the owner of a manufacturing plant for injuries alleged to have been sustained by the lodgment in plaintiff's

eye of a substance blown from such plant, the judgment for plaintiff was reversed without remanding, where the evidence bearing upon plaintiff's case was wholly circumstantial and there was no evidence to the effect that defendant's plant was in operation at the time the accident occurred nor that any substances escaped when the plant was not in operation, nor from which direction the wind was blowing nor that it was blowing from defendant's plant, and where no one knew what the substance was nor where it came from.

Appeal from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1921. Reversed with finding of facts. Opinion filed April 6, 1922.

KRAMER, KRAMER & CAMPBELL, for appellant.

W. E. KNOWLES and T. M. WEBB, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a judgment for $3,000 for an injury to her eye alleged to have been caused by appellant. She charged in her declaration that appellant was possessed of divers large buildings equipped with engines, furnaces, blasts, boilers, kilns, digestors, presses, pipes, tunnels and flues, and was engaged in the manufacture of various products for its own use and sale and used in that work said engines, etc., aforesaid, and kept liquor, lime, soda ash, acids, clay, minerals, oils and ores and used them in the manufacture of its said products; that dust and portions of said materials escaped and commingled, which would injure a person when coming in contact with him, and were carried away by the elements into the premises of persons who resided near said buildings and thereby such persons were subjected to danger to their health and lives, by reason thereof of which appellant had knowledge or by the exercise of due care ought to have known; that appellee resided near said buildings and that while in the performance of her

household duties in and about her said premises, an escaped body of said materials was blown into her eye which was thereby injured.

Both parties have argued the case as if it were based on negligence. The declaration states a typical case of nuisance except that the damages claimed are for a personal injury instead of a deprivation of the comfortable use and enjoyment of real estate. If the facts alleged, of themselves, constitute a nuisance, it is not necessary to further characterize them by the use of the word "nuisance," nor is it necessary to aver or prove negligence. *Laflin & Rand Powder Co. v. Tearney,* 131 Ill. 322.

A private nuisance is defined to be anything done to hurt or annoyance of the lands, tenements or hereditaments of another. Any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, to the injury of another, comes within the definition stated, and renders the owner or possessor liable for all damages arising from such use. *Laflin & Rand Powder Co. v. Tearney, supra.* The Supreme Court of this State as well as the Appellate Courts have sustained recoveries where plaintiffs brought suits because of nuisances which deprived them of the comfortable use and enjoyment of their residence properties. So far as we are advised, the Supreme Court has never passed upon the question as to whether a recovery may be had on the ground that a plaintiff has suffered a personal injury or that his personal property has been damaged by a nuisance independent of and apart from any injury to real estate or the use and enjoyment thereof.

The Appellate Court of the Third District recognized the right of a plaintiff to recover for a nuisance which damaged a stock of merchandise. *Kuhn v. Illinois Cent. R. Co.,* 111 Ill. App. 323. Present day decisions are to the effect that the term "nuisance" extends to everything that endangers life or health,

gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of property. 20 R. C. L. 380.

We are of the opinion that if appellant operated its plant in such a manner that dangerous acids, gases, smoke, dust, etc., were thrown into the air and were carried by the wind into, over and upon plaintiff's residence, and that she was deprived of the comfortable use and enjoyment of her property by reason thereof, appellant would be liable for maintaining a nuisance. If she received a personal injury from some of the things thus thrown into the air and upon her property, we see no reason, on principle, why she should not be entitled to recover.

Appellee testified that on March 19, 1920, at about 7:30 a. m. she stepped out on her back porch to go to a hydrant in the yard for some water, and when about 3 or 4 feet outside the door something struck her in the eye and burned severely. She does not know what hit her, whether it was wet or dry, or whether it was a solid substance or water but it felt like a raindrop. She wiped her eye with her hand, bathed it with water at the hydrant and kept rubbing it until she got it out and the eye kept on hurting. She does not say that she saw what she got out of her eye, but that it was not a hard substance. She says that, her eye burned all day; that there was severe pain, like taking a bunch of needles and sticking them in the eye; that she was not able to sleep that night and next morning the eye was swollen closed; that she then went to a doctor who treated her for several months; that during the first weeks she had severe pains day and night. She says that quite often, prior to the injury, she had felt particles of something strike her on the hand and face and in the eye that felt like the pricks of a needle.

When her physician examined the eye, the day after the accident, he says it was inflamed and looked as if

there was some foreign body in it, but found none; that· the injury caused a corneal ulcer, which could have been produced by many substances such as an acid, alkali or foreign body; that there is a depression in the cornea about the width of a pin, about 1-8 inch long and about 1-32 inch deep and that the eye is now about 3-4 as good as normal.

Appellee averred in her declaration that some of the particles that escaped from appellant's building would injure the flesh of those with whom it would come in contact and· that they were carried by the wind on and into the residences of persons in that vicinity and thereby such persons were subjected to great danger to their health and lives, all of which appellant knew, or by the exercise of due care should have known.

To charge appellant with knowledge, it was competent for appellee to prove the experience of other persons with reference to the effect on them of matter that escaped from appellant's plant and fell on them when in that vicinity, or when the wind was blowing from the direction of the plant. We cannot understand how occurrences subsequent to the accident would tend to prove that issue. Witnesses were allowed to give their experiences since the injury to appellee and over objections of appellant.

One was allowed to testify that October 13, 1920, was a very windy day and that when he was near the plant the wind blew his hat off and something struck him in the corner of the eye and his eye was bloodshot for 3 days. Another, that· in the summer of 1920, when about a block from the plant, something hit her in the eye which caused pain and a burning sensation. Another, that in the summer of 1920 she lived about 1,000 feet from the plant and while in the garden on a windy day something flew in her face like a raindrop which burned and went away. Another, that he had passed the plant hundreds of times and nothing happened to him until the last week in October, 1920, when

something blew in his face; could not say what it was, but it burned; that he wore cotton gloves and rubbed his face, and the more he rubbed the more it burned and became sore and made a little boil or pimple.

In our opinion, the court erred in admitting the evidence as to occurrences subsequent to the accident. The court also erred in admitting evidence as to the effect of substances coming from the plant upon vegetation in the vicinity in a case of this kind. If it were a suit for deprivation of the comfortable use and enjoyment of real estate in the vicinity, it would be proper.

We find no evidence in the record to the effect that appellant's plant was in operation at the time the accident occurred, nor is there any evidence that substances escaped from the plant when it was not in operation. Appellee testified that it was very windy on the morning in question, but she could not say from what direction the wind was blowing. We find no evidence in the record that the wind was from the direction of the plant. The evidence shows that the Southern Rolling Mill and the main line of the Southern Railroad Company were about 1,000 feet from appellee's residence, and it shows that there were other residences within a few yards of her residence.

The evidence bearing upon appellee's case is wholly circumstantial. If facts and circumstances are proved which lead the mind with certainty to the conclusion that other facts and circumstances are true, such latter facts and circumstances may be accepted and acted upon by a court or jury. *Peoria & P. U. Ry. Co. v. Clayberg,* 107 Ill. 644.

It cannot be said that the existence of a certain fact may reasonably be inferred from the evidence when the existence of another fact inconsistent with the first can be, from the same evidence, inferred with equal certainty. A theory cannot be said to be estab-

lished by circumstantial evidence unless the facts relied on are of such a nature and are so related to each other that it is the only conclusion that can reasonably be drawn from them. *Ohio Bldg. Safety Vault Co. v. Industrial Board of Illinois,* 277 Ill. 96-102 [14 N. C. C. A. 224]. Proof of a mere possibility is not sufficient. 11 R. C. L. 994.

It was incumbent upon appellee to prove by a preponderance of the evidence that something escaped from appellant's plant which caused her injury. *Harts v. Chicago & A. R. Co.,* 184 Ill. App. 123.

Can it be said that the only conclusion that can reasonably be drawn from the evidence is that the substance, whatever it was, that went into appellee's eye escaped from appellant's plant? We do not think so. While the burning and pricking sensation experienced by appellee was much the same as that of others who came in contact with substances that escaped from the plant, yet there can be no doubt but that similar sensations would result if something escaped from the Rolling Mill, a locomotive, her neighbors or her own chimney, and entered her eye. She says that she does not know what went in her eye but she rubbed it until she got it out. It was necessarily small and she did not see it and no one knows what it was or where it came from. To say that it came from appellant's plant, under the evidence, would be to establish the fact by a mere conjecture.

The court should have directed a verdict in favor of appellant, and as appellee has had two trials of her case the judgment will be reversed with a finding of facts.

*Reversed with finding of facts.*

The following finding of facts will be incorporated in the order of reversal: The court finds that the evidence fails to prove that appellee's injury was caused by something that escaped from appellant's plant.